TIDWELL *v.* NEW SOUTH BUILDING AND LOAN ASSOCIATION.

LEWIS, J.   There being a failure upon the part of the defendant in this case to sustain his plea by evidence, and the action being on an unconditional contract in writing, there was no error in the judge below directing a verdict for the plaintiff.   *Judgment affirmed.   All the Justices concurring.*

Argued March 6, — Decided April 5, 1900.

Complaint.   Before Judge Felton.   Bibb superior court. April term, 1899.

*Harris, Thomas & Glawson* and *Hardeman, Davis & Turner,* for plaintiff in error.   *Estes & Jones,* contra.

---

VAUGHAN *v.* VAUGHAN.

SIMMONS, C. J.   1. An affidavit to obtain a warrant to dispossess a tenant holding over should be sufficiently definite and certain in the description of the land to enable the sheriff to identify the premises.
2. It was proper to dismiss such a proceeding where the only description of the land was that deponent "is the owner of a certain tract of land in the 201st district G. M. of said county [the county having been previously named]. Said land being a part of the tract known as the C. B. Vaughan land. . . That deponent has become the owner of said land, that is, so much of said tract as (33) thirty-three acres more or less ; and that deponent desires possession of the said thirty-three (33) acres as has been apportioned to the deponent from said C. B. Vaughan's estate." *Orme* v. *King*, 60 *Ga.* 523.   *Judgment affirmed.   All the Justices concurring.*

Argued March 12, — Decided April 5, 1900.

Dispossessory warrant.   Before Judge Reese.   Elbert superior court.   March term, 1899.

*W. D. Tutt* and *T. L. Adams*, for plaintiff.
*Z. B. Rogers* and *J. N. Worley*, for defendant.