32697.   NORTH *v.* TOLBERT.

DECIDED OCTOBER 11; 1949.

*Goldberg & Payton,* for plaintiff in error.
*Welborn B. Davis Jr.,* contra.

GARDNER, J. 1. The affidavit to obtain the dispossessory warrant described the premises as "a house and premises situated in Land Lots 66, 67 and 62 of Second District of Coweta County in said State and County, the property of George Tolbert." This description is too vague and indefinite and is not sufficient to enable the sheriff to identify the same. In *Orme* v. *King,* 60 *Ga.* 523, the Supreme Court said: "An affidavit to eject an intruder is the foundation of a legal proceeding, and, for that reason, cannot be amended, its amendment not being expressly provided for by law. . . When the pleadings are so defective that no legal judgment can be rendered, the judgment will be arrested or set aside. . . One of the chief requisites in pleading, where specific property is to be directly acted upon by the judgment, is certainty of description—such certainty as will render it possible for the officer whose duty it may be to enforce the judgment, to distinguish the property to which the judgment applies from property to which it does not apply. Otherwise, how can he know when he is acting within his authority, and when he is exceeding it? . ." The want of such certainty is cause for setting aside the judgment, after trial on counter-affidavit, and after verdict and judgment in favor of the plaintiff. In *Vaughan* v. *Vaughan,* 111 *Ga.* 807 (35 S. E. 650), the court held: "An affidavit to obtain a warrant to dispossess a tenant holding over should be sufficiently definite and certain in the description of the land to enable the sheriff to identify the premises." The court ruled that it was "proper to dismiss such a proceeding where the only description of the land was" insufficient and indefinite. There is nothing contained in the description of the property in the affidavit here sufficient to serve the sheriff as a

guide and aid him in ascertaining the particular premises upon which it is sought to enforce any judgment which might be obtained in this case. Had the description here as in *Williams* v. *Gilly*, 133 *Ga.* 546 (66 S. E. 263), contained some statement which would have enabled the sheriff to have definitely identified the property, it would have been sufficient.

But it is insisted by the plaintiff that "assuming, without conceding" that this description was not sufficient, this "does not constitute reversible error." This is so, the plaintiff contends, because the defendant in the amendment to his counter-affidavit alleges that he is the owner of the described premises, thus waiving any right to a more particular description of the land, and, therefore, it appears that the parties "fully knew which land was in dispute." The plaintiff then sets up in his brief that said North fails to show any harm resulting to him because of the insufficient description in the affidavit and warrant; that the defendant "does not complain that he was thinking of other lands when he filed his counter-affidavit"; and that the defendant "does not show that it would have helped his case to have had a more particular description." We cannot agree with the reasoning of the plaintiff in this connection. The stated purpose of the rule, requiring a definite and certain description of the premises from which it is sought to dispossess another as tenant, is that the sheriff must be enabled by the description readily to locate the lands involved. Can he do so where the description in the affidavit, and consequently the warrant, simply states "A house and premises situated in land lots 66, 67 and 62 Second District of Coweta County?" There could easily be more than one house and premises situated in said land lots. It is true that the defendant well knew which part of said lands was involved; he had farmed these lands for over forty years.

However, we are not called upon to determine whether this case will be reversed solely on account of the insufficient description in the affidavit and warrant. There is yet another error involved.

2. Without regard to the sufficiency of the description of the premises involved and as to whether an insufficient description should cause a reversal under the facts here, the verdict for the plaintiff finding that the defendant was a tenant holding

beyond his term and due the plaintiff double rent was the result of the court's action on motion of the plaintiff in directing the jury to return such verdict. Where there are issues of fact, it is error to direct a verdict. *Harp* v. *Nowell*, 147 *Ga.* 560 (94 S. E. 885) ; *Breedlove* v. *Wiregrass Development Co.* 21 *Ga. App.* 718 (94 S. E. 911). Code § 110-104 provides: "Where there is no conflict in the evidence, and that introduced, with all reasonable deductions or inferences therefrom, shall demand a particular verdict, the court may direct the jury to find for the party entitled thereto." There were issues of fact raised by the evidence presented here, and the submission of the case to the jury for their determination was essential to the validity of any verdict rendered.

The plaintiff, upon the conclusion of the evidence, moved for a directed verdict in his favor, and the court sustained this motion and directed a verdict to the effect that the defendant was the plaintiff's tenant and was holding beyond his term and that the plaintiff recover double rent from the defendant. In order to be legal, the evidence must have been without conflict and with all reasonable deductions and inferences therefrom, such evidence must have demanded the verdict rendered by the jury. In other words, the evidence must have demanded a finding that the defendant was a tenant of the plaintiff as to the premises involved; that the plaintiff was entitled to possession, had demanded such possession; and that the same had been refused. So the prime question is, did the evidence demand a finding that the defendant was the plaintiff's tenant?

The plaintiff deposed in his affidavit that the defendant was in possession of the described premises as a tenant, the same being the property of the plaintiff, and that the plaintiff had demanded possession, which the defendant had refused. There was evidence from which the jury might infer that the above was true. The plaintiff testified that he owned the premises involved; that he held the legal title thereto and was entitled to the possession thereof; that the former owner, Mrs. Caroline Tolbert, who was his foster mother, had devised certain property of which she died possessed to Ivernona Johnson and to plaintiff; that she owned and possessed the premises involved at the time she died; that said Ivernona Johnson was her grand-

mother; that Ivernona Johnson conveyed her interest in said premises to the plaintiff; that the plaintiff called upon the defendant, whose wife Minnie, was the daughter of the said Mrs. Caroline Tolbert, and who was occupying said premises at said time, and the defendant agreed to rent from the plaintiff said premises for a rental of two bales of cotton; and that two days later the defendant informed the plaintiff that he could not afford that amount of rent. There was evidence for the plaintiff that prior to this action a demand was made upon the defendant for possession of the premises and the defendant refused. The defendant, Jim North, filed his counter-affidavit in which he deposed that he was not holding possession of said premises over and beyond his term; that there was no relationship of landlord and tenant between the plaintiff and himself nor between any person under whom the plaintiff claims and himself; that he does not hold said premises from the plaintiff nor any person under whom the plaintiff claims. By an amendment to the counter-affidavit, the defendant deposed that no demand for possession of said premises was ever made upon him by the plaintiff, nor by any person for the plaintiff, and he also deposed that he was the owner of the described premises. There was evidence for the defendant tending to show that he never made any agreement to rent these lands; that he and his deceased wife, Minnie, went upon these premises before 1910, and he has been thereon continuously since then; that during this time his mother-in-law, Caroline Tolbert, lived with his wife and him; that he paid the taxes and kept the premises up and "took care of his mother-in-law all of these years"; that his wife owned this property at the time of her death; that the defendant's wife and her mother entered into an agreement whereby the latter gave and turned over this property to the defendant's wife in consideration of the defendant's wife taking care of her for the balance of her life; that the defendant's mother-in-law lived on the premises and lived with the defendant and his wife and they took care of her until she died in November, 1948, and that the defendant's wife predeceased her mother some few months and her mother continued to live with the defendant, stating that she had given the premises to the defendant's wife and now she wanted the defendant to have all that his wife had when she

died. The evidence supported the contention that Caroline Tolbert was not possessed of this property at the time of her death, and that the same did not pass by her alleged will, in which no particular property was described.

It plainly appears, therefore, that while there was evidence in support of the plaintiff's claim and a verdict in his favor would have been authorized, likewise there was evidence in support of the defendant's claim from which the jury would have been authorized, if they had been permitted, to have returned a verdict in favor of the defendant. In these circumstances, a verdict was not demanded for the plaintiff, and it was error for the trial judge to sustain the plaintiff's motion therefor and to direct a verdict.

There is no merit in the plaintiff's contention that the defendant did not set up any defense in his counter-affidavit, as amended, and under the evidence, because it did not appear that there was any valuable improvements made on the land during the lifetime of Mrs. Caroline Tolbert. The case cited by plaintiff, *Mulligan* v. *Mulligan*, 201 *Ga.* 444 (3) (39 S. E. 2d, 699), and citations, has no reference to a situation where lands are given in consideration of support and maintenance to the party giving them. The *Mulligan* case did not deal with a contract under Code § 37-804, or a gift under § 48-106. It was dealing with a case of possession alone without any payment except improvements, as provided in § 37-802.

There was ample evidence to support the contention of the defendant that this land had been given to his wife by her mother and in consideration of taking care of and supporting the mother the remainder of her life, which was done.

The use of the verb "give" in referring to the agreement contended for by the defendant between his wife and Mrs. Caroline Tolbert, her mother, does not necessarily denote a technical gift, but when considered in connection with the facts has reference to a contract for a valuable consideration. See *Latimer* v. *Bruce,* 151 *Ga.* 305 (106 S. E. 263).

The evidence did not demand a finding that the defendant was a tenant at sufferance. There was evidence that defendant's occupancy of these premises was under a valid transaction between his deceased wife and her deceased mother, whereby the

latter gave this land to the defendant's wife. An estate at sufferance was defined by Blackstone (Cooley, 2nd Blackstone, 150), as "where one comes into possession of lands by lawful title but keeps it afterward without any title at all." See *Smith* v. *Singleton,* 71 *Ga.* 68, 70; *Williams* v. *Durham,* 77 *Ga. App.* 840, 841 (50 S. E. 2d, 373). The evidence authorized a finding by the jury to the effect that the defendant originally farmed these lands and paid rent to the husband of Mrs. Caroline Tolbert but that after he died, the widow made the agreement with the defendant's wife herein dealt with and on which defendant relies. Defendant continued to farm these lands and "kept them up."

3. Under the rulings of the Supreme Court in *Odum* v. *McArthur,* 160 *Ga.* 281 (127 S. E. 848); *Odum* v. *McArthur,* 165 *Ga.* 103 (139 S. E. 870); *Garrick* v. *Tidwell,* 151 *Ga.* 294 (5) (106 S. E. 551), there was no error in not permitting the defendant to testify as to valuable improvements made by him on these premises. See Code § 38-1603 (1). In *Kramer* v. *Spradlin,* 148 *Ga.* 805, 810 (98 S. E. 487), it is held that legatees and devisees are representatives of the deceased and come within the above Code section.

4. Applying the rulings made above, the trial judge erred in directing a verdict for the plaintiff, and should have submitted the case to the jury with appropriate instructions. It was error to overrule the defendant's motion for new trial.

*Judgment reversed. MacIntyre, P. J., and Townsend, J., concur.*