## 44517. BRINSON v. INGRAM.

BELL, Presiding Judge. Julius Ingram brought this dispossessory proceeding by affidavit stating as follows: "That Curtis Lee Brinson is in possession as tenant of a house and prem-

ises situate Broxton and West Green Road in said State and county, the property of Julius Ingram. That said tenant fails to pay the rent now due on said house and premises or that the said tenant is holding said house and premises over and beyond the term for which the same were rented to him." Defendant arrested the proceedings by counter-affidavit. Trial of the case resulted in a jury verdict and judgment for plaintiff. Defendant contends on appeal that the trial court erred in overruling his motion to dismiss plaintiff's affidavit and the warrant.

1. In order to obtain a dispossessory warrant one must "make oath to the facts." *Code* § 61-301. This is in conflict with the requirements of the Civil Practice Act, which sets a liberal standard of sufficiency for pleadings governed by that section. *Code Ann.* § 81A-108 (a) (Ga. L. 1966, pp. 609, 619). Where in conflict with special statutory proceedings, the Civil Practice Act does not apply to the conflict. *Code Ann.* § 81A-181. It is therefore clear that the sufficiency of an affidavit seeking a dispossessory warrant must be measured by the same strict rules applicable prior to the Act.

2. An affidavit seeking a dispossessory warrant must allege at least one of its grounds positively. It is defective if it alleges more than one ground in the alternative or if it joins the grounds with the ambiguous expression "and/or." This is a defect of substance as well as form. *Ralls v. E. R. Taylor Auto Co.*, 202 Ga. 107, 110 (42 SE2d 446). Plaintiff's affidavit was defective for the additional reason that it was not sufficiently definite and certain in the description of the land to enable the sheriff to identify the premises. See *Orme v. King,* 60 Ga. 523, 524; *Vaughan v. Vaughan,* 111 Ga. 807 (35 SE 650); *North v. Tolbert,* 80 Ga. App. 110, 113 (55 SE2d 661). Cf., *Perry v. Smith,* 91 Ga. App. 538 (2) (86 SE2d 345). The court erred in overruling defendant's motion to dismiss the proceedings.

*Judgment reversed. Eberhardt and Deen, JJ., concur.*

Submitted May 29, 1969—Decided September 5, 1969.

*J. Laddie Boatright,* for appellant.