28406. WOMBLE v. COMMERCIAL CREDIT CORPORATION.

ARGUED NOVEMBER 15, 1973 — DECIDED JANUARY 8, 1974.

*Alden C. Harrington,* for appellant.

MOBLEY, Chief Justice. Lenors Womble appeals from the order

denying his motion to set aside a default judgment on a note obtained against him by Commercial Credit Corporation in March, 1967.

The motion to set aside alleged that service was made by leaving a copy of the suit at his most notorious place of abode, and that he never received actual notice of the suit. The motion asserts that § 81-202, as amended, of the Code of 1933 (repealed by Ga. L. 1966, pp. 609, 687, § 135 (1)), which provided that leaving a copy at the defendant's residence was sufficient service, was not reasonably calculated to inform a defendant of the claims made against him, and that the rendering of a default judgment after such service deprived the appellant of his property without due process of law, in violation of the Fourteenth Amendment to the Constitution of the United States.

The order on the motion to set aside recites that it was made after consideration of arguments and briefs. Apparently no evidence was before the court. The suit against the appellant alleged his address as Route 1, Floyd Road, Norcross, Georgia. This address was marked out, on the page where the return of service is shown, and 4 Boggs Road, Lawrenceville, Georgia, was written above the address. The return of service states only that the copy was left at the appellant's "most notorious abode in this county."

Service of process is essential to give a court jurisdiction of a case. *Ballard v. Bancroft,* 31 Ga. 503. A judgment void for lack of jurisdiction of the person may be attacked at any time. Code Ann. § 81A-160 (f) (Ga. L. 1966, pp. 609, 662; Ga. L. 1967, pp. 226, 239, 240).

The question for determination in the present case is whether the provision of § 81-202 of the Code of 1933, authorizing service by leaving copy at the residence of the defendant, afforded due process as required by the Fourteenth Amendment of the United States Constitution. Such service has been held to be sufficient (see *Buchanan v. Treadwell,* 213 Ga. 154 (2) (97 SE2d 705)), but not as against a constitutional attack.

In *Jefferson Fire Ins. Co. v. Brackin,* 140 Ga. 637 (2) (79 SE 467), this court held: "One of the essential elements of 'due process of law,' to which every one is entitled before he can be lawfully deprived of his property, is notice of the procedure against him. This notice must not be dependent upon chance, and must at least be such as with reasonable probability will apprise him of the pendency of the proceeding. . ."

The United States Supreme Court in Mullane v. Central

Hanover Bank &c. Co., 339 U. S. 306, 314 (70 SC 652, 94 LE 865), laid down the following principle: "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. . ."

The mere leaving of copy of suit at the residence of the defendant is not reasonably calculated to apprise him of the pendency of an action against him. He may be absent from such residence for an extended length of time. He may be in the process of moving from one residence to another. The copy may be destroyed by inclement weather, or be removed by other persons.

We therefore conclude that the provision of § 81-202 of the Code of 1933, authorizing service by leaving a copy at the residence of the defendant, was in violation of the due process clause of the Fourteenth Amendment of the United States Constitution.

Since the appellant was served by this method, and had no actual notice of the suit against him, it was error to deny his motion to set aside the default judgment against him.

*Judgment reversed. All the Justices concur.*