## 29006. PELLETIER v. NORTHBROOK GARDEN APARTMENTS.

HALL, Justice.

This appeal is from a judgment of DeKalb Superior Court dismissing an injunctive action, filed by a tenant against a landlord, which sought to set aside an earlier default judgment obtained by the landlord in the State Court of DeKalb County in a dispossessory warrant proceeding.

The petition attacks the constitutionality of Code Ann. § 61-302.[1] He alleges that service in the dispossessory warrant proceedings against him was perfected only by "tacking" the notice of the proceedings on his front door pursuant to the above section and that he never received the notice. The tenant contended in the superior court that the "tacking" service authorized by Code Ann. § 61-302 is unconstitutional in that it violates the due process requirement of reasonable notice and opportunity to be heard as to the writ of possession. The landlord has filed a motion to dismiss this appeal on the grounds that the superior court did not rule on the constitutionality of the section, that this issue was not timely raised by the tenant and that the tenant should

---

[1] Code Ann. § 61-302. "(a) When the affidavit

have notified the Attorney General of Georgia of this constitutional attack on the section.

1. The motion to dismiss is denied. The tenant's action in DeKalb Superior Court attacked the validity of the default judgment against him in the State Court of DeKalb County on the grounds that legal service was never perfected upon him in the dispossessory warrant proceeding and that the "tacking" service authorized by Code Ann. § 61-302 is unconstitutional. The final order of DeKalb Superior Court dissolved an earlier restraining order granted the tenant and dismissed the tenant's complaint. This order recites that the tenant sought to have "tacking as a means of service be declared unconstitutional." The issues of valid service in the dispossessory warrant proceedings and the constitutionality of "tacking" service under Code Ann. § 61-302 were properly raised, argued and adjudicated in DeKalb Superior Court and the final judgment of that court adverse to the tenant is properly before this court for review.

The remaining ground urged by the landlord to dismiss this appeal is that the Attorney General was not notified, as required by Code Ann. § 110-1106, of the

provided for in section 61-301 shall be made, the judge of the superior court or justice of the peace before whom it was made shall grant and issue a summons to the sheriff or his deputy, or any lawful constable of the county where the land lies, a copy of which, together with a copy of the affidavit, shall be personally served upon the defendant. If the sheriff is unable to serve the defendant personally, service may be given by delivering said summons and affidavit to any person sui juris residing on the premises or, if no such person is found residing on the premises, by tacking a copy of said summons and affidavit on the door of the premises. (b) The summons served on the defendant pursuant to subsection (a) shall command and require the tenant to appear at a hearing on a day certain not less than five nor more than 20 days from the date of actual service."

tenant's constitutional attack on that portion of the statute authorizing service by tacking in dispossessory warrant proceedings, and therefore this court has no jurisdiction to entertain the appeal. This identical contention was decided adversely to the landlord's position in *Daniel v. Federal Nat. Mortgage Assn.*, 231 Ga. 385 (1) (202 SE2d 388).

2. The tenant's argument that tacking is unconstitutional fails to take cognizance of the historical and practical differences between a dispossessory action— a descendant of the old ejectment action and arguably a quasi-in-rem proceeding[2]—and in personam actions, decisions on which he urges are controlling here, most notably *Womble v. Commercial Credit Corp.*, 231 Ga. 569 (203 SE2d 204), a suit brought upon a note. What was struck down in *Womble* as inadequate was a method of service that purported to be personal service. *Womble* did not consider what forms of service might meet due process requirements in the area of constructive service, and the question we confront here concerns the permissible limits of constructive, not personal, service.

We do not invoke these technical terms in order merely to make a result which some might deem harsh seem legally palatable, but to point out the significant and, in our view, determinative ways in which the action before us differs from, for example, a suit on a note. Here we have a dispute between the landlord and tenant over real property which admittedly *belongs* to the landlord subject only to any contractual rights the tenant may have acquired; yet the only method available to the landlord to reacquire what is admittedly his own property without running the risk of a retaliatory legal action by the tenant is the method of the dispossessory warrant culminating in a writ of possession which authorizes him to re-enter his premises. Assuming that

[2] See Fraser, Actions in Rem, 34 Cornell L. Q. 29, 36-37 (1948); Note, Developments in the Law—State Court Jurisdiction, 73 Harv. L. Rev. 909, 949 (1960); Note, The Requirement of Seizure in the Exercise of Quasi in Rem Jurisdiction, 63 Harv. L. Rev. 657, 667 (1950).

personal service upon the tenant could not be achieved during the sheriff's normal working hours, and that no one else could be found residing on the premises, we conclude that to nail the process to the very door of the disputed premises where the tenant claims to be living is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Central Hanover Bank &c. Co., 339 U. S. 306, 314 (70 SC 652, 94 LE 865). To the extent to which the tenant argues that something could happen to destroy or obliterate the papers, we answer that some risk of failure-to-notify inheres in every exercise of constructive rather than personal service, yet personal service is not even required in all in personam actions, as the Supreme Court has been careful to point out. Mullane, supra.

Moreover, even the tenant here concedes in his brief that tacking may be justified by the problem which a landlord may have with a "skipped" tenant, who has abandoned the premises and cannot be located, though the landlord does not necessarily know that he has abandoned them, and cannot be sure that self-help entry is without legal hazard.

In brief, this is a proceeding in the nature of a quasi-in-rem action in which constructive and not personal service has traditionally been utilized where necessary.[3] To the predictable objection that Mullane, supra, and its successors[4] have blurred the distinctions among types of

---

[3] "Personal service upon non-residents is not always within the State's power. Its process is limited by its boundaries. Constructive service is at times a necessary resource. The land stands accountable to the demands of the State, and the owners are charged with the laws affecting it and the manner by which those demands may be enforced." Ballard v. Hunter, 204 U. S. 241, 254 (27 SC 261, 57 LE 461) (in rem action); see Note Quasi In Rem Jurisdiction and Due Process Requirements, 82 Yale L.J. 1023 (1973).

[4] See, e.g., Robinson v. Hanrahan, 409 U. S. 38 (93 SC 30, 34 LE2d 47).

actions for purposes of deciding what notice is required by due process, we agree that they have; but we point out that Mullane has required that we consider "all the circumstances" and we have been reminded that "the court has not committed itself to any formula achieving a balance between these interests in a particular proceeding or determining when constructive notice may be utilized *or what test it must meet.*" Mullane, supra, p. 314. (Emphasis supplied.) Nor has the court changed in more recent opinions its view expressed in Mullane that what is due process in a given situation will vary as circumstances change. "What is due process in a procedure affecting property interests must be determined by taking into account the purposes of the procedure and its effect upon the rights asserted and all other circumstances which may render the proceeding appropriate to the nature of the case." Anderson Nat. Bank v. Luckett, 321 U. S. 233, 246 (64 SC 599, 88 LE 692). See Robinson v. Hanrahan, 409 U. S. 38, supra; Boddie v. Connecticut, 401 U. S. 371, 380 (91 SC 780, 28 LE2d 113); Bank of Marin v. England, 385 U. S. 99, 102 (87 SC 274, 17 LE2d 197). Granted that plaintiff must give defendant the best notice possible in all the circumstances, the degree of effort which he should be compelled to expend in giving notice should vary with the importance of the interests involved in the suit. See generally, Note, Constitutionality of Constructive Service of Process on Missing Defendants, 48 N. C. L. Rev. 616 (1970).

The special qualities of the landlord-tenant relationship have been recognized by the Court: "There are unique factual and legal characteristics of the landlord-tenant relationship that justify special statutory treatment inapplicable to other litigants." Lindsey v. Normet, 405 U. S. 56, 72 (92 SC 862, 31 LE2d 36). In considering a dispossessory action in a somewhat different context from that before us, the court also wrote that "The objective of achieving rapid and peaceful settlement of possessory disputes between landlord and tenant has ample historical explanation and support. It is not beyond the state's power to implement that purpose by enacting special provisions applicable only to possessory disputes between landlord and tenant." Lindsey, supra.

It is contended that ways come to mind in which the legislature, still operating in the area of constructive service, could improve upon the effectiveness of constructive service by requiring other methods in the hope of avoiding a situation in which the summons is lost or obliterated and the tenant is actually unaware of the threatened eviction. Perhaps we would attempt to "improve" the statute if we were redrawing it; but this court must strike the statute down, if at all, because it is unconstitutional, not because we wish its provisions were more to our liking. See generally, Wechsler, Toward Neutral Principles of Constitutional Law, 73 Harv. L. Rev. 1, 23-26.

In these circumstances, then, our inquiry must necessarily be this: does the conclusion of the Georgia legislature that constructive service by tacking is permissible in a dispossessory warrant proceeding when neither the defendant nor anyone else residing on the premises can be located after one trip to the premises, strike a constitutionally permissible balance among the various interests in conflict under all the circumstances? Our answer is "yes."

The trial court did not err in dismissing the action.

*Judgment affirmed. All the Justices concur, except Gunter and Ingram, JJ., who dissent.*

SUBMITTED JULY 12, 1974 — DECIDED NOVEMBER 18, 1974.

Ronald Pelletier, *pro se.*
*Schwall & Heuett, Donald J. Goodman,* for appellee.
*Gambrell, Russell, Killorin, Wade & Forbes, Harold T. Russell, Thomas W. Rhodes,* amicus curiae.

INGRAM, Justice, dissenting.

The basic issue involved in this appeal is the constitutionality of that portion of the subject statute (Code Ann. § 61-302 (a)) providing in dispossessory warrant proceedings that, "if no such person is found residing on the premises, [service may be perfected] by tacking a copy of [the] summons and affidavit on the door

of the premises."

It is apparent from the wording of the statute that the alternative service method of tacking was considered by the General Assembly to be the least acceptable manner in which to serve a defendant in a dispossessory warrant proceeding. It is not to be used unless personal service upon the defendant cannot be achieved and only then if personal service on any other person sui juris residing on the premises cannot be made.

The statute provides no enforceable safeguard to assure that "reasonable" attempts at either personal service on the defendant or substitute personal service on another adult resident are made. Presumably, the requirements of the statute authorizing service by tacking would be satisfied by a showing that the sheriff, or constable, went to the residence once and, finding no one at home, tacked the notice on the door. In a somewhat analogous situation, this court commented on this type of service. In *Womble v. Commercial Credit Corp.,* 231 Ga. 569, 571 (203 SE2d 204), a case dealing with service of process under Code Ann. § 81-202 (leaving copy at defendant's residence), it was held: "The mere leaving of copy of suit at the residence of the defendant is not reasonably calculated to apprise him of the pendency of an action against him. He may be absent from such residence for an extended length of time. He may be in the process of moving from one residence to another. The copy may be destroyed by inclement weather, or be removed by other persons. We, therefore, conclude that the provisions of § 81-202 of the Code of 1933, authorizing service by leaving a copy at the residence of the defendant, was in violation of the due process clause of the Fourteenth Amendment of the United States Constitution."

The landlord argues that where the tenant or any other adult resident is unavailable for personal service, tacking of notice upon the door of the premises is the best kind of notice and that the landlord, as the legal owner of the premises, must have some reasonable means of serving process upon his tenant who may choose to be difficult to locate. The answer to this argument is that the necessity for notice to the defendant in a dis-

possessory warrant proceeding is no less important than the notice required to be given a defendant in any litigation.

Dispossessory warrant proceedings have been changed drastically in recent years to meet due process standards and now contemplate by statute true adversary proceedings with notice and opportunity to be heard and an in personam judgment is rendered on money issues similar to proceedings in other civil cases. See Code Ann. § 61-305. Dispossessory proceedings, under Code Ann. § 61-301 et seq., are subject to the Civil Practice Act. See Ga. L. 1970, p. 968 et seq.; Ga. L. 1971, p. 536 et seq.; and *Queen v. Harrell,* 126 Ga. App. 122 (190 SE2d 160).

In *Thompson v. Lagerquist,* 232 Ga. 75 (205 SE2d 267), the Justices of this court then serving unanimously concurred in an opinion written by Justice Jordan holding that Code Ann. § 81A-104 (d, 7) should be strictly construed and that the service provided for therein is insufficient if not done literally in accordance with its terms "since notice is the very bedrock of due process." This "bedrock of due process" requires that a defendant in a dispossessory proceeding be given the same opportunity for notice of the case against him as a defendant in any other civil case. Thus, I cannot agree that a sufficient distinction exists between other civil actions and dispossessory warrant actions that would justify a relaxation of due process safeguards of notice in dispossession cases.

I believe that service by means of tacking on the door of a defendant's residence is subject to the same constitutional infirmity as Code § 81-202 providing for service by merely leaving the notice at defendant's residence. In addition to *Womble,* and the cases cited therein, see *Jefferson Fire Ins. Co. v. Brackin,* 140 Ga. 637, 638 (79 SE 467), and *Piggly-Wiggly Georgia Co. v. May Investing Corp.,* 189 Ga. 477, 489 (6 SE2d 579, 126 ALR 1465).

I would, therefore, hold the service by tacking provisions of Code Ann. § 61-302 (a) are violative of state and federal due process requirements as I find that tacking notice alone is not "reasonably calculated, under

all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Central Hanover Bank &c. Co., 339 U. S. 306, 314.

I am authorized to state that Justice Gunter concurs in this dissent.