## 53456. DAVIS v. HYBRID INDUSTRIES, INC.

SMITH, Judge.

The appellant Davis, through his leasing agency Dome & Company, brought a dispossessory action against Hybrid Industries, and evicted Hybrid from the rented

premises after a writ of possession was issued. Hybrid counterclaimed for damages sustained as a result of the allegedly wrongful dispossession. A jury awarded Hybrid actual and exemplary damages; judgment was entered on the verdict; and Davis now appeals, enumerating thirty-five errors allegedly committed by the trial court. We find no error, and the judgment is affirmed.

The appellee, Hybrid, leased a 1,000 square foot warehouse cubicle from Warehouse Developers, Inc. The designated use was "T. V. Repair and Storage" for a term from April 1, 1974, until March 31, 1975. The lease agreement was executed through Dome & Company, leasing agent and third party to the lease. Paul T. Davis signed the lease both as president of Warehouse Developers and as agent for Dome & Company. He is the sole proprietor of Dome & Company.

On December 12, 1974, William T. Davis, son of Paul Davis, swore out an affidavit in the State Court of DeKalb County stating that he was "agent at law" for Dome & Company, "landlord." The affidavit further stated that tenant Hybrid had failed to pay rent for December, and a writ of possession was requested. A summons was issued and the affidavit and summons were tacked to the door of the leased cubicle. Hybrid did not respond, and on January 6, 1975, a writ of possession issued and Hybrid's goods were removed from the cubicle by movers hired and supervised by William T. Davis. Most of the goods were moved to a different warehouse for "safekeeping," but several television sets were given to the movers as compensation for their services.

On January 10, 1975, Hybrid filed an answer to the December 12 affidavit and petition, and a counterclaim for conversion was annexed to the answer. A motion to set aside the default was also filed. A response to the motion to set aside was filed on January 23 by Warehouse Developers, and on February 6 an order was entered stating, "The within Motions of Plaintiff, Warehouse Developers, Inc., to dismiss Defendant's Motion to Set Aside, and to Strike Defendant's Answer, Defenses, and Counter-claims, are hereby sustained." This order was vacated on February 13 by an order which concluded that Warehouse Developers was not the plaintiff and was a

mere stranger to the action, and that the service by tacking was insufficient because personal service had been possible. The judgment of January 6 which granted the writ of possession was declared void and set aside and the defendant's answer was allowed to be filed and the case was set down for trial.

Discovery and a trial followed and the jury returned a verdict in favor of Hybrid's counterclaim awarding $53,076 in general damages and $46,000 in exemplary damages.

A motion for new trial was overruled and Paul Davis, d/b/a Dome & Company, appealed.

1. The trial court set aside the judgment granting a writ of possession on the grounds that the service by tacking had been insufficient under the circumstances and the court therefore lacked jurisdiction to grant the writ. The Supreme Court in *Pelletier v. Northbrook Garden Apartments,* 233 Ga. 208, 211 (210 SE2d 722), held that Code § 61-302 (a) allowing service by tacking in a dispossessory action was constitutional because under the facts of the case in which it was used it was " 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.' Mullane v. Central Hanover Bank &c. Co., 339 U. S. 306, 314 (70 SC 652, 94 LE 865)." We must apply the statute in a way to render its application constitutional; therefore, we must view it as not allowing any service which is not reasonably calculated, under the circumstances, to afford notice. In the present case, then, we must apply the statute as not allowing service by tacking.

In *Pelletier* the tenant was a resident of the premises; in this case the tenant was a corporation using a warehouse cubicle to store and repair television sets. The logical place to serve a resident, private tenant would be at the leased residence, as in *Pelletier.* But the tenant in this case did not reside at the premises, and it had a different corporate address as well as a registered agent for service of process. Tacking the process at the residence in *Pelletier* was reasonably calculated to give notice under the circumstances. In the present case, we believe the trial

court was authorized to find that tacking was not a method which, under all the circumstances, was reasonably calculated to give notice. The court concluded from the evidence presented to it that personal service had been possible, and we cannot construe Code § 61-302 (a) to allow tacking when personal service is possible.

2. Once the trial court set aside its earlier judgment granting the writ of possession, it was proper to allow Hybrid's counterclaim. The remaining enumerations of error deal with various evidentiary rulings and the charge of the court. The record reveals a well-conducted trial and the enumerations are without merit.

*Judgment affirmed. Bell, C. J., and McMurray, J., concur.*

ARGUED FEBRUARY 1, 1977 — DECIDED JUNE 9, 1977 — REHEARING DENIED JULY 6, 1977 — 

*Raiford, Hills, Billington & McKeithen, Michael B. McKeithen, Tyler Dixon,* for appellant.

*Russell & Nardone, A. Joseph Nardone, Jr., Robert G. Nardone, B. W. Crecelius,* for appellee.