## 55271. RINCONCITO LATINO, INC. et al. v. ERIKSSON et al.

BELL, Chief Judge.

Plaintiffs brought this suit to recover possession of their premises and for unpaid rent. The case was tried by the court. Findings of fact and conclusions of law were made, and a judgment was entered for the plaintiffs. Defendant then moved to set aside the judgment under CPA § 60 (d) (Code Ann. § 81A-160 (d)). The motion was denied. No transcript of evidence was filed for inclusion in the record on appeal. *Held:*

1. An affidavit seeking a dispossessory warrant must allege at least one of its grounds positively; and it is defective if more than one ground is alleged in the alternative or if it joins the grounds with the ambiguous expression "and/or." *Brinson v. Ingram,* 120 Ga. App. 271 (170 SE2d 39). The affidavit in this case alleged two grounds separately and positively and did not plead them alternatively. Therefore, the affidavit was regular on its face and not defective.

2. Defendants enumerate as error the denial of their motion, "made at the start of trial," to dismiss based on the pendency of another suit for the same cause of action. A ruling of this description cannot be found in the record and there is no transcript of the proceedings. However, the trial court's order does contain the following statement: "Original suit, No. 65666, for April rent filed April 21, 1977, was not dismissed until after this trial began." After the entry of judgment, the defendants filed their motion to set aside alleging that the pendency of this prior suit was one of the nonamendable defects. In its order denying this motion, the trial court found as a fact that the instant case

was not the same cause of action as civil action number "65666"; and that "65666 was not pending" at the time of filing the present suit. The pendency of a former suit *on the same cause of action* would be a good defense to a second proceeding. Code § 3-601; *Terrell v. Griffith,* 129 Ga. App. 675 (200 SE2d 485). Here the defendants have failed to show by the record facts establishing that the foregoing rule applied here and that the trial court erred in this regard.

*Judgment affirmed. Shulman and Birdsong, JJ., concur.*

ARGUED JANUARY 30, 1978 — DECIDED MARCH 16, 1978.

*Arnold S. Kaye,* for appellants.
*Peterson & Young, Fred Thomas Isaf,* for appellees.