## 38863. HOUSING AUTHORITY OF THE CITY OF ATLANTA v. HUDSON.

HILL, Presiding Justice.

The Court of Appeals has certified the following question to this court: "In a dispossessory proceeding brought by a landlord pursuant to Code Ann. Ch. 61-3, does 'nail and mail' service authorized by Code Ann. § 61-302 (a) vest a trial court with personal jurisdiction over a tenant so as to permit the court to render a money judgment against the tenant for unpaid rent? See Ga. L. 1970, p. 968; *Pelletier v. Northbrook Garden Apts.*, 233 Ga. 208 (2) (210 SE2d 722) (1974); Cf. *Porter v. Midland-Guardian Co.*, 242 Ga. 1 (247 SE2d 743) (1978)."

Code Ann. Ch. 61-3, "Proceedings Against Tenants Holding Over," provides, inter alia, that in cases where a tenant fails to pay rent when due, the owner may demand possession and if the tenant does not deliver possession, may swear out an affidavit to that effect. Code Ann. § 61-301. The judge or justice of the peace before whom the affidavit is made then issues a summons to the sheriff to be personally served upon the tenant, with a copy of the affidavit. If the sheriff cannot effect personal service or service upon a person sui juris residing on the premises, he may tack a copy of the summons and the affidavit on the door of the premises and on the same day mail copies by first class mail to the defendant at his last known address. The defendant has seven days in which to answer. Code Ann. § 61-302. If the defendant fails to answer, the court issues a writ of possession; furthermore, the plaintiff is "entitled to a verdict and judgment by default for all rents due. . . ." Code Ann. § 61-303. Code Ann. § 61-303 goes on to provide that "If the tenant answers, a trial of the issues shall be had in accordance with procedure prescribed for civil actions in courts of record." Code Ann. § 61-305 (a) provides "If, on the trial of the case, judgment is against the tenant, judgment shall be entered against the tenant for all rents due and for any other claim relating to the dispute." In sum, the statutes provide that a landlord or an owner may, by use of what is colloquially called "nail and mail" service, obtain not only a writ of possession but also a money judgment.

Since the rendition of the money judgment in this case requires an exercise of in personam jurisdiction, the issue is whether nail and mail service is sufficient to establish personal jurisdiction for the purpose of obtaining a money judgment for back rent. Here, the tenant was served by nail and mail, answered as to the dispossessory aspect of the action admitting jurisdiction, but contested jurisdiction as to the claim for back rent.

We begin by noting what is not in issue here. First, the certified question does not deal with the validity of nail and mail service as to

the issue of possession.[1] Second, no question as to venue is raised. Third, although the statute authorizes three forms of service (personal service, service on a person sui juris residing on the premises, and nail and mail service, Code Ann. § 61-302 (a)), we deal here only with the latter, i.e., nail and mail service.

We also find it necessary to point out that although the certified question does not distinguish between judgments entered upon default and judgments entered following an answer and appearance, these two situations are in fact so distinct as to require different treatment. As noted above, in this case the defendant answered as to the dispossessory admitting jurisdiction, but contested jurisdiction as to the claim for back rent.

What is at issue here is whether, in a dispossessory proceeding brought by a landlord pursuant to Code Ann. Ch. 61-3, nail and mail service vests a trial court with personal jurisdiction over a tenant so as to permit the court to render a money judgment against the tenant for unpaid rent in a case where the tenant answers but contests jurisdiction as to the claim for unpaid rent. We conclude that it does.

Code Ann. § 61-303, supra, provides that if the tenant answers, a trial of the issues shall be held in accordance with the procedure described for civil actions in courts of record, and Code Ann. § 61-305 provides that if, upon trial of the case, judgment is against the tenant, it shall be entered for all rents due. Thus there is statutory authority for entry of a money judgment in dispossessory proceedings.[2]

The further and more critical question is whether the statutory authorization for money judgments is constitutional. Service of process is a method of formally commencing a lawsuit by giving the defendant notice of the action; due process requires that the notice be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Central Hanover

---

[1] The provision for mailing copies to the tenant, Ga. L. 1978, pp. 938, 939-940, has been added since our decision in *Pelletier v. Northbrook Garden Apts.,* 233 Ga. 208 (2) (210 SE2d 722) (1974).

[2] In 1974, the General Assembly enacted Code §§ 67-701 through 67-708 providing for foreclosure of security interests on personal property. Ga. L. 1974, p. 398. In 1975, the General Assembly added Code §§ 67-709 through 67-718 relating to immediate writs of possession as to commercial, but not consumer, transactions. Ga. L. 1975, p. 1213; esp. Code § 67-709. In *Porter v. Midland-Guardian Co.,* 242 Ga. 1 (247 Ga. 743) (1978), this court found that the default provision of the 1975 act, Code § 67-717, was not applicable to consumer transactions. The *Porter* case involved a question of statutory construction. In the case before us here, there is statutory authorization for entry of money judgments in dispossessory proceedings.

Bank &c. Co., 339 U. S. 306, 314 (70 SC 652, 94 LE 865) (1950). The service in this case accomplishes that; since the defendant in fact answered, it is clear beyond peradventure that the defendant received notice. In these circumstances, the statute does not violate the due process clause of the United States Constitution. "That a State, without violence to the 'due process' clause of the Fourteenth Amendment, may declare that one who voluntarily enters one of its courts to contest any question in an action there pending shall be deemed to have submitted himself to the jurisdiction of the court for all purposes of the action, and may attach consequences of this character even to a special appearance entered for the purpose of objecting that the trial court has not acquired jurisdiction over the person of the defendant, is settled. . . ." Western Life Indemnity Co. v. Rupp, 235 U. S. 261, 271-272 (35 SC 37, 59 LE 220) (1914).

Thus, where the trial court has jurisdiction over the person in a dispossessory proceeding by nail and mail service, and the defendant answers (thus obviating any issue as to notice), the trial court also has jurisdiction over the person to enter a money judgment. This conclusion is consistent with modern pleading practice which apparently would permit amendment of a dispossessory action, once served on the defendant, to be amended to add a claim for unpaid rent.

The converse is also true; where the defendants do not answer, there is no indication that they did in fact receive notice, and, more importantly, no statutory safeguard to ensure that they either actually received notice or that the notice given satisfies the dictates of Mullane, supra. Thus a judgment for rent allegedly due cannot be rendered upon default where service was by nail and mail. Cf. Greene v. Lindsey, —— U. S. —— (102 SC 1874, 72 LE2d 249) (1982).

We conclude that the answer to the certified question is "yes" when the tenant answers and "no" when the tenant defaults.

*All the Justices concur, except Jordan, C. J., who concurs in the judgment only.*

DECIDED OCTOBER 27, 1982.

*Parks, Jackson & Howell, Alfred J. Turk III,* for appellant.
*Mary S. Birkett, Samuel F. Furgiuele, Carolyn S. Weeks,* for appellee.