### 71941. TAYLOR v. CARVER STATE BANK.
(341 SE2d 502)

DEEN, Presiding Judge.

Ralph Taylor appeals from the grant of a writ of possession in favor of appellee.

1. Taylor first contends that the trial court erred in granting the dispossessory warrant because the affidavit upon which it was based was defective in that the copy tacked to his residence failed to include the last date for answering; it alleged two grounds for removal of appellant in the alternative; and it contained a defective description of the land in question.

Service of a dispossessory warrant by tacking a copy to the ten-

ant's premises and mailing a copy to the tenant on the same day has withstood constitutional attack. *Pelletier v. Northbrook Garden Apts.*, 233 Ga. 208 (210 SE2d 722) (1974). When a defendant is served by "nail and mail" service and files a timely answer, he is subject to the jurisdiction of the court and any issue of service is removed. *Housing Auth. of Atlanta v. Hudson*, 250 Ga. 109 (296 SE2d 558) (1982). Here, the mailed copy contained the last date to answer and the tacked copy stated he had seven days in which to answer. As Taylor filed a timely answer, the issue is moot.

The dispossessory warrant alleges two grounds positively and not in the alternative: "said tenant is holding and occupying said building and premises at will or sufferance." An affidavit alleging two grounds separately and positively is not defective. *Rinconcito Latino, Inc. v. Eriksson*, 145 Ga. App. 340 (243 SE2d 721) (1978). This pleading does not contain the ambiguous "and/or" language found to be defective in *Brinson v. Ingram*, 120 Ga. App. 271 (170 SE2d 39) (1969).

The dispossessory warrant contains an adequate legal description of the land in question. It describes the property to which the bank has title rather than the small portion upon which appellant has placed his mobile home. To be a valid description, the sheriff must be able to identify the property to which the judgment applies. *North v. Tolbert*, 80 Ga. App. 110 (55 SE2d 661) (1949). As Taylor has access to and control over the entire tract, the description is not insufficient because he could move his mobile home to any part of the tract. The court below correctly found service to be adequate and proper.

2. Appellant claims that the court below erred in granting the dispossessory warrant because he was, if anything, a squatter and no landlord/tenant relationship arose between himself and the bank. The court found that the defendant "was either a mere squatter or a 'tenant at will or sufferance.' In either event, a dispossessory proceeding is the proper remedy."

The bank obtained title to the property by a foreclosure deed dated August 2, 1983. Taylor lives in a mobile home presently located on the property and does not have a lease and is in possession without the bank's consent. "When an interest in land is divested under the powers of sale in a deed to secure debt, the occupant of the land becomes a tenant at sufferance." *Miron Motel v. Smith*, 211 Ga. 864, 865 (89 SE2d 643) (1955); *Redwine v. Frizzell*, 184 Ga. 230 (190 SE 789) (1937). Taylor admits he does not have title to the property in question. He moved onto the property when title to the land was held by Snow's Farming Enterprises, Inc., a corporation formed by some of his relatives on land formerly owned by his grandfather. Taylor apparently occupied the land with the acquiescence of the corporation. When the bank bought the land at the foreclosure proceeding, he became a tenant at sufferance by operation of law. There is no merit to

this enumeration.

3. It was not error for the trial court to fail to grant a jury trial on the landlord/tenant issue. OCGA § 44-7-53 (c) does not provide for the right to a trial by jury in a dispossessory action, but provides for "the trial court to expedite a trial of the issues." A dispossessory is a summary proceeding to determine the disposition of the property pending trial of any contested issues. *Miron Motel*, supra. The issues raised by Taylor's counterclaim were reserved for a jury trial. We find no error.

*Judgment affirmed. Benham, J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I concur in the judgment and in the analysis advanced but must point out two things which otherwise might be misunderstood. The reason the allegation that tenant occupies "at will or sufferance" is not fatally defective is because it does not constitute an allegation of more than one *ground* in the alternative. As stated clearly in *Brinson v. Ingram*, 120 Ga. App. 271, 272 (2) (170 SE2d 39) (1969): "An affidavit seeking a dispossessory warrant must allege at least one of its grounds positively." The ground is that the defendant had no legal status vis-a-vis the premises entitling him to possession. Whether his status was that of a tenant at will or at sufferance, plaintiff alleged, he had no right to remain. As I see it, that is only one ground. The Code supports this construction by setting our certain grounds for dispossessory and states that one of them is "where lands or tenements are held and occupied by any tenant at will or sufferance, . . . ." OCGA § 44-7-50.

Second, the pleading in *Brinson v. Ingram*, supra, did not contain the "and/or" language but rather alleged more than one ground in the alternative, by the use of "or." The court held that to be defective because it did not state at least one ground positively. The court then went on to point out that another instance of defect would be where the pleading joined the grounds with "and/or." The case which disapproves that is *Ralls v. E. R. Taylor Auto Co.*, 202 Ga. 107 (42 SE2d 446) (1947).

DECIDED FEBRUARY 17, 1986.

*W. Paschal Bignault, Penny J. Haas*, for appellant.
*James B. Blackburn, Jr., Miriam D. Lancaster*, for appellee.