73364. DECATUR HOUSING AUTHORITY v. CHRISTIAN.
(355 SE2d 764)

BENHAM, Judge.

Appellant Housing Authority of the City of Decatur ("Housing Authority") initiated dispossessory proceedings against appellee Christian, claiming she was a tenant holding over. Appellant maintained that appellee had breached her lease, thereby enabling appellant to terminate appellee's lease and institute the dispossessory proceeding. After conducting an unrecorded bench trial (see *Taylor v. Carver State Bank*, 177 Ga. App. 856 (3) (341 SE2d 502) (1986)), the trial court concluded that issuance of a dispossessory warrant was improper since appellee had not breached her lease and was not a tenant holding over. Appellant then filed its appeal in this court.

The controversy centers on recertification documents completed by appellee and used to determine her continued eligibility for public housing; the size unit to be assigned her; and the amount of rent she was to pay. Appellee listed her 37-year-old son as a household member on the recertification forms she completed in February 1985 and January 1986. When she later denied that her son had lived with her since January 1985, appellant initiated eviction proceedings against appellee, contending that appellee had provided false information on the recertification documents, thereby violating Paragraph 5 of her lease. In Paragraph 5 of the lease, appellee agreed "to furnish accurate and complete information to management as to family income, employment, and composition, for use by management in determining whether the rental should be changed, whether the dwelling size is

still appropriate for resident's needs, and whether resident is still eligible for low-rent housing . . ."

Due to the lack of a transcript or an appropriate substitute (see OCGA § 5-6-41), the facts upon which we rely have been gathered from the order of the trial court. The trial court found that appellee had listed her 37-year-old son, handicapped with "serious mental problems," as a household member on recertification forms she completed in February 1985 and January 1986 during interviews she had with appellant's employees responsible for assigning units and calculating rents. The trial court found that appellee's son's condition required repeated hospitalizations and that he would frequently move out of appellee's home and then return. According to the trial court's order, appellee testified that she discussed her son's situation with appellant's employee in charge of assigning units and calculating rents, and informed that employee when her son moved out. The trial court found that appellee's son had moved out in January 1985 and had not returned as of the date of the trial court's order, June 11, 1986. The trial court recounted the testimony of appellant's employee that any supplemental information concerning the recertification process should be reduced to writing, and that appellant's employee was responsible for ensuring that the information be reduced to writing. The trial court concluded that appellee had not violated Paragraph 5 of her lease since the undisputed evidence was that appellee had orally provided the correct information to appellant's employee, who approved her action of listing her son as a household member.

Each of appellant's five enumerated errors is premised on the argument that the recertification documents "merged" into the lease; appellee breached the expanded lease by providing inaccurate information on the recertification documents; and appellee's trial testimony concerning her conversations with appellant's employee about her son's itineracy violated the parol evidence rule, was improperly considered by the trial court, and resulted in an erroneous decision.

There is no evidence to support appellant's theory that the lease and the annual recertification documents merged to become "the lease." The lease, itself, states that it, along with any future rent or unit adjustments, "evidences the entire agreement between Management and Resident" and that "[n]o changes herein shall be made except in writing . . ."

While Paragraph 5 of the lease requires information about family size and income annually, the lease does not indicate that completion of the recertification documents is a condition precedent to renewal of the lease. In point of fact, the lease contains no reference to the recertification document. In addition, Paragraph 5 provides its own remedies for breach: if facts upon which rent is based are misrepresented, a retroactive rent increase may be made; if the size of the resident's

unit is inappropriate, the resident "will be required to move" to a more suitably-sized unit within the project.

The failure to provide complete and accurate information on the recertification documents does not constitute a breach of appellee's lease. The lease only requires that complete and accurate information concerning family size be given management. The lease does not require the information to be given in a written form, and the undisputed trial testimony was that appellee had accurately informed management of the makeup of her household. Furthermore, appellant's employee testified that it was the responsibility of appellant's employee to reduce to writing all information concerning household size and income.

Appellant maintains that appellee's testimony concerning her conversations supplementing the information contained in the recertification documents was improperly admitted in violation of the parol evidence rule. The rule makes inadmissible parol contemporaneous evidence that contradicts or varies the terms of a valid written agreement. OCGA § 24-6-1. The recertification document is not an agreement. Rather, as the trial court concluded, it is "merely a means of providing information under the lease." The resident certified the information provided to be true and complete to the best of her knowledge and belief, and appellant's employee certified that the information provided had been verified. Even appellant does not argue that the recertification document itself was a contract. Instead, appellant attempts to make it a part of a contract by merging it with the lease, and we have rejected that approach.

The conclusion we reach today is not the result of the law failing appellant. For whatever reason, at both the grievance hearing and the trial, appellant chose not to present testimony from its employee that might have contradicted appellee's testimony that she had orally informed appellant's employee of her son's situation and received approval for her action in listing him as a household member. If appellant wants information provided under Paragraph 5 of the lease to be in writing, it should amend its lease to reflect that requirement. If appellant wants the annual recertification document to merge into the lease, it should amend both documents to so reflect.

*Judgment affirmed. Deen, P. J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I concur in the judgment.

In addition to the lease provision relied upon by appellant and set out in the opinion, subparagraph 5 (b) of the lease provides: "If Management determines that the size of the dwelling is no longer appropriate to resident's needs, Management may amend this lease by

notice to Resident, in accordance with Section 14 hereof, that Resident will be required to move to another unit within the project having a suitable size unit, . . ."

The evidence in the grievance hearing is the only evidence submitted to this Court. According to the trial court's order, the resident's testimony was largely the same as it was at trial. As found by the court, the evidence shows without contradiction that the resident told the management's representative the true facts on both occasions of recertification. She "furnished" the correct information about her son's non-membership in the household but signed the forms stating otherwise.

Her signature is not the only one on the 1985 form. There is also the signature of the management's representative, adjacent to: "OFFICIAL'S STATEMENT — I certify that the information on this Form has been verified as required by Federal Law and the family is eligible to live in the dwelling unit."

The 1986 form, which is different, is not certified in the given space by the Housing Manager, but it is signed by a management representative as having "interviewed" the resident.

Appellant has no cause to complain of the trial court's order.

DECIDED MARCH 19, 1987.

*Gene E. Massafra*, for appellant.
*W. Michael Maloof*, for appellee.