**THIRD DIVISION
DOYLE, P. J.,
MARKLE and PADGETT, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**April 22, 2025**

# In the Court of Appeals of Georgia

A25A0036. STUBBS v. LOCAL HOMES, LLC.

PADGETT, Judge.

In this dispossessory case, Richard B. Miller and Scottie Stubbs seek review of the trial court's final judgment against Stubbs and award of attorney fees under OCGA § 9-15-14 to plaintiff Local Homes, LLC ("Local Homes") against Miller and Stubbs. For the reasons that follow, we conclude that we lack jurisdiction to consider this untimely appeal, which we dismiss.

The following facts do not appear to be disputed. Local Homes filed this dispossessory action in state court, seeking possession of certain premises, past-due rent, rent accruing through final judgment, and various fees and costs. Stubbs lived on the premises, and Miller represented Stubbs in the state court case. In September

2023, Local Homes filed a motion seeking the payment of rent into the court's registry under the dispossessory statute, which the trial court granted. Later in September, the state court granted Local Homes a writ of possession, and the sheriff performed a lockout in October. In January 2024, Local Homes filed a motion for final judgment, seeking rent through the date of the lockout. In February, Local Homes filed a motion for attorney fees under OCGA § 9-15-14. On March 14, the trial court entered a final judgment awarding Local Homes (1) $10,554.41 plus interest against Stubbs, which included $8,800.41 in rent and $1,500.00 in attorney fees under OCGA § 19-15-14, and (2) $7,020.00 in attorney fees under OCGA § 9-15-14 against Miller. On April 15, Miller filed an application for discretionary review of the March 14 order, arguing that the trial court did not permit Stubbs to present evidence or assert an affirmative defense to the dispossessory action and that the trial court erred in awarding attorney fees under OCGA § 9-15-14. We granted Miller's application on May 9. See Case No. A24D0316 (May 9, 2024). Miller and Stubbs then filed the underlying notice of appeal on May 20, seeking to appeal both the March 14 order and the trial court's subsequent order requiring Miller and Stubbs each to post a supersedeas bond.

"It is incumbent upon this [c]ourt to inquire into its own jurisdiction." *State of Ga. v. Singh*, 291 Ga. 525, 526 (1) (731 SE2d 649) (2012) (citation and punctuation omitted). We conclude that the April 14 application and the parties' May 20 notice of appeal were both untimely under OCGA § 44-7-56, the application for appeal therefore was improvidently granted, and we lack jurisdiction to consider this appeal.

In connection with the passage of the Superior and State Court Appellate Practice Act, OCGA § 5-3-1 et seq. (the "Act"),[1] effective July 1, 2023, the General Assembly also amended OCGA § 44-7-56, which governs appeals in dispossessory actions. See *Radio Sandy Springs, Inc. v. Allen Road Joint Venture*, 311 Ga. App. 334, 335 (715 SE2d 752) (OCGA § 44-7-56 governs appeals in dispossessory actions); Ga. L. 2022, Act 875, §§ 2-35, 3-1.

Prior to this amendment, OCGA § 44-7-56 stated in relevant part that "[a]ny judgment by the trial court shall be appealable pursuant to Chapters 2, 3, 6, and 7 of Title 5, provided that any such appeal shall be filed within seven days of the date such judgment was entered . . . ." OCGA § 44-7-56 (2022). We interpreted "appeal" in the

---

[1] The Act establishes a uniform procedure for appeals from inferior courts, such as magistrate courts, to state or superior courts. *Alger v. Atlanta Auto Restoration, LLC*, 369 Ga. App. 379, 381 n. 3 (893 SE2d 775) (2023).

prior version of OCGA § 44-7-56 to include both direct and discretionary appeals. See

*Born v. Born*, 364 Ga. App. 511, 514 (874 SE2d 846) (2022) (application to appeal any

judgment in a dispossessory action must be filed within seven days of the judgment);

Court of Appeals Rule 31 (a) ("[A] discretionary application involving a dispossessory

action must be filed within seven days of the entry of the trial court's order."). OCGA

§ 44-7-56 now states, in relevant part,

> (a) Any judgment by the trial court shall be appealable pursuant to Chapters 3, 6, and 7 of Title 5.
> (b) An appeal made pursuant to subsection (a) of this Code section shall proceed as follows:
>> (1) A copy of the petition for review filed in the reviewing superior or state court or the notice of appeal shall be filed with the clerk of the trial court within seven days after the date the judgment was entered in the trial court[.]

While the statute expressly requires, in dispossessory actions, that petitions for review

to superior or state court and notices of appeal to this Court be filed within seven days

of a judgment, the statute does not specifically address the time by which parties must

file applications for discretionary appeal in such cases when such applications are

required under OCGA § 5-6-35 (a).

4

When considering the meaning of a statute, a court must "presume that the General Assembly meant what it said and said what it meant" and afford the statutory text its "plain and ordinary meaning." *Deal v. Coleman*, 294 Ga. 170, 172 (1) (a) (751 SE2 337) (2013) (citations and punctuation omitted). But, the appellate court "may review the text of the provision in question and its context within the larger legal framework to discern the intent of the legislature in enacting it," especially where the statutory text is not clear and unambiguous. *Patton v. Vanterpool*, 302 Ga. 253, 254 (806 SE2d 493) (2017) (citations and punctuation omitted).

Dispossessory actions are summary proceedings to determine the disposition of the property pending trial of any contested issues. *Anita Holdings, LLC v. Outlet Mall of Savannah, LLC*, 357 Ga. App. 403, 405 (1) (850 SE2d 843) (2020) (quoting *Taylor v. Carver State Bank*, 177 Ga. App. 856, 857 (341 SE2d 502) (1986), abrogated on other grounds by *Hill v. Levenson*, 259 Ga. 395, 395 (1) (383 SE2d 110) (1989)). Many appeals in dispossessory actions come by our discretionary appeals procedure. See OCGA § 5-6-35 (a) (1) (appeals from decisions of superior courts reviewing decisions of lower courts by petition for review); OCGA § 5-6-35 (a) (3) (appeals involving dispossessory warrants in which the only issue to be resolved is the amount

of rent due and such amount is $2,500.00 or less); OCGA § 5-6-35 (a) (11) (appeals from decisions of the state courts reviewing decisions of the magistrate courts by de novo proceedings so long as the subject matter is not otherwise subject to a right of direct appeal). The procedure for discretionary appeals under OCGA § 5-6-35 originally was enacted by the Georgia General Assembly in order to reduce the massive caseload of Georgia's appellate courts and to give the appellate courts the discretion not to entertain certain types of cases. *Ferguson v. Composite State Bd. of Med. Examiners*, 275 Ga. 255, 256 (1) (564 SE2d 715) (2002). Giving litigants in dispossessory proceedings *more* time to seek appellate review in cases in which this Court has discretion to not entertain appeals, than the seven days litigants have to file a direct appeal, would be contrary to the objective of decreasing this Court's burden. If the seven-day deadline provided for in OCGA § 44-7-56 applied only to instances where appeals do not come by application, the exception (30-day deadline for application for discretionary appeal) would likely swallow the rule (7-day deadline for direct appeal).

Moreover, under OCGA § 5-6-35 (j), if a party has a right to direct appeal under OCGA § 5-6-34 but files an "otherwise timely" application for discretionary review,

we have jurisdiction over that case "and *shall* grant the application." (emphasis added). Thus, if the seven-day filing deadline provided for in OCGA § 44-7-56 did not apply to discretionary applications, litigants in dispossessory cases could simply avoid the seven-day deadline by filing an application for discretionary review under OCGA § 5-6-35 within 30 days of the order, which then we would be required to grant under OCGA § 5-6-35 (j).

In this case, Local Homes filed its dispossessory action seeking possession of the premises, past-due rent, rent accruing through final judgment, and various fees and costs under the dispossessory statute and later sought attorney fees under OCGA § 9-15-14. The trial court awarded Local Homes possession of the premises and, ultimately in its final order, past due rent under the dispossessory statute in addition to attorney fees. First in the application for discretionary review and now on appeal, Miller and Stubbs have challenged the trial court's rulings throughout this dispossessory case. This action thus began as and remains a dispossessory action. *Radio Sandy Springs, Inc.*, 311 Ga. App. at 335 ("it is the underlying subject matter of the litigation, rather than the relief granted, which controls in determining the proper appellate procedure to follow").

7

For these reasons, we determine that the failure to file an application for discretionary review or a notice of appeal in this case within seven days of the trial court's March 14 order deprives us of jurisdiction over this appeal. See id. at 334 (where the action began and continued as a dispossessory action, the seven-day time limit of OCGA 44-7-56 applied); *Ray M. Wright, Inc. v. Jones*, 239 Ga. App. 521, 523 (521 SE2d 456) (1999) (the seven-day time limit of OCGA § 44-7-56 applied where the action began as and remained a dispossessory proceeding because the party continued to rely upon the provisions of the dispossessory statutes throughout the litigation, including the rent provision); *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996) ("Compliance with the discretionary appeals procedure is jurisdictional."); see also *Yanes v. Escobar*, 362 Ga. App. 896, 898 (80 SE2d 506) 2022) ("The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon the appellate court.") (citation and punctuation omitted). Therefore, this appeal is dismissed as being improvidently granted.

We note that the March 14 order could have been directly appealed because this action began in state court and because this is not an appeal where the only issue to be resolved is the amount of rent due and such amount is $2,5000.00 or less. See OCGA § 5-6-35 (a) (1), (3), and (11). Although "OCGA § 5-6-35(a) (10) requires that an appeal of an award of attorney fees made pursuant to OCGA § 9-15-14 be preceded by the grant of a discretionary application[,] a direct appeal is permitted when it is appealed as part of a judgment that is directly appealable." *Capricorn Sys., Inc. v. Godavarthy*, 253 Ga. App. 840, 841 (560 SE2d 730) (2002) (citation and punctuation omitted). So, had a timely a notice of appeal of the March14 order been filed, an application for discretionary review would not be required to appeal the attorney fees award. The parties, however, waited more than seven days to seek to appeal the March 14 order.

Finally, although not enumerated separately as error, the notice of appeal indicated that Miller and Stubbs would be appealing the trial court's order requiring them to pay a supersedeas bond. «**R2. 191 (notice of appeal), 1 (amended notice of appeal)**» Because this opinion disposes of the appeal upon which the trial court based its grant of a supersedeas bond, any argument regarding the propriety of the

supersedeas bond order is rendered moot. See *Dubarton Enterprises v. Appalachian Community Bank*, 321 Ga. App. 755, 756 (750 SE2d 682) (2013).

*Appeal dismissed. Doyle, P. J., and Markle, J., concur.*