## 70127. SKELTON v. HILL AIRCRAFT & LEASING CORPORATION.
### (333 SE2d 14)

SOGNIER, Judge.

Hill Aircraft and Leasing Corporation brought a dispossessory action in the Magistrate Court of Douglas County against James Skelton, an Alabama resident, for rent and possession of an aircraft hangar berth located at the Charlie Brown Airport in Fulton County. Skelton filed an amended answer and counterclaim, a motion to dismiss and various other pleadings whereupon the Magistrate Court transferred the case to the Superior Court of Douglas County. A jury trial was held and judgment was entered on the verdict in favor of Hill Aircraft and Leasing. Skelton appeals.

OCGA § 15-10-2 (6) provides that each magistrate court shall have jurisdiction and power over the issuance of writs and judgments

in dispossessory proceedings as provided in OCGA § 44-7-50 et seq. When appellee filed its affidavit for summons of dispossessory on January 25, 1984, OCGA § 44-7-50 (Ga. L. 1983, p. 884, § 4-1) provided that in all cases where an owner makes a demand for possession of leased property and that demand was refused, the owner "may go before the judge of the superior court, the judge of the state court, . . . any other court with jurisdiction over the subject matter, *or a magistrate in the district where the land lies* and make an affidavit under oath to the facts." (Emphasis supplied.) "[A dispossessory] proceeding is statutory and must be strictly construed and observed. [Cit.]" *Young v. Cowles*, 128 Ga. App. 770 (197 SE2d 864) (1973). Under the dispossessory statute, the magistrate cannot grant and issue a summons for dispossessory until the affidavit required by OCGA § 44-7-50 is made. OCGA § 44-7-51; see *Brinson v. Ingram*, 120 Ga. App. 271, 272 (1) (170 SE2d 39) (1969). The affidavit in the case sub judice was made before the magistrate in Douglas County as to land which the affidavit on its face avers is situated in Fulton County. Thus the record affirmatively discloses that both the Magistrate Court of Douglas County and the Superior Court of Douglas County lacked subject matter jurisdiction over the dispossessory action brought by appellee. See *Young v. Cowles*, supra at 771. We therefore reverse the judgment of the Superior Court of Douglas County and remand this action to that court with direction that its judgment entered in this case on September 27, 1984, be vacated and this case transferred in compliance with the Uniform Transfer Rules promulgated by the Supreme Court of Georgia, 251 Ga. 893 et seq., to an appropriate court under OCGA § 44-7-50 where the affidavit may be properly amended, see *Kicklighter v. Blocker*, 164 Ga. App. 306, 309 (2) (297 SE2d 83) (1982), and the case may proceed, not inconsistent with this opinion. See Art. VI, Sec. I, Par. VIII, Constitution of Georgia, 1983.

*Judgment reversed with direction. Birdsong, P. J., and Carley, J., concur.*

DECIDED JUNE 14, 1985.

*Michael A. Kessler*, for appellant.
*James F. Stovall III*, for appellee.