73369. SKELTON v. HILL AIRCRAFT & LEASING CORPORATION.
(351 SE2d 98)

DEEN, Presiding Judge.

This case made a prior appearance in this court as an appeal from the grant of a dispossessory petition. *Skelton v. Hill Aircraft &c. Corp.*, 175 Ga. App. 144 (333 SE2d 14) (1985). Following this court's reversal of the lower court's decision, a second dispossessory action was filed in the State Court of Fulton County. At the time of trial, Skelton had vacated the T-hangar, the issue of possession had been removed from the case, and the only issue for trial was the amount of rent Skelton owed Hill Aircraft. The trial court directed a verdict in the amount of $3,600. Skelton appeals.

1. The trial court did not err in denying Skelton's motion for a directed verdict or in granting Hill Aircraft's motion for a directed verdict.

OCGA § 44-7-56 provides that, pending appeal, "the tenant shall remain in possession of the premises; provided, however, that the tenant shall be required to pay rent into the registry of the trial court . . . until the issue has been finally determined on appeal." Appellant did not comply with the Code section during the pendency of his first appeal and when that case was reversed, he was in arrears in his rent. When the instant lawsuit was filed, Hill Aircraft sought rent arrearages in the sum of $3,600 plus finance charges. Hill Aircraft obtained an order requiring Skelton to place the past-due and all future payments into the registry of the court pursuant to OCGA § 44-7-53 (b). Skelton abandoned the hangar and demanded a jury trial on the issue of rent arrearages. At trial, Hill established the amount of rent owing through evidence, which was entered without objection, that Skelton had not paid the $200-per-month rent for 18 months. Skelton's argument that the evidence as to the amount owed was insufficient be-

cause Hill Aircraft had trouble explaining how the finance charges were calculated is without merit because the court did not allow any interest or finance charges. Skelton's own testimony confirmed that the rent was $200 a month and that he had not paid rent for 18 months.

2. In his final enumeration of error appellant contends that the trial court erred by excluding evidence of appellee's conduct and certain admissions made by appellee's counsel at the prior trial in Douglas County.

An examination of the transcript shows that there was a great deal of hearsay testimony as to what counsel in the Douglas County lawsuit is alleged to have stated at the prior trial. However, there was no offer to introduce a transcript or any other evidence to show that rent had indeed been waived. This simple rent case consumed two days of trial, and the court finally determined that it had heard enough hearsay and told counsel to move on to the case that was pending in Fulton County. We find no error.

3. Hill Aircraft's motion for a 10% penalty for a frivolous appeal is granted.

*Judgment affirmed. Benham and Beasley, JJ., concur in the judgment only.*

DECIDED NOVEMBER 12, 1986.

*Michael A. Kessler, Steward A. Sparks III*, for appellant.
*Francis C. Schenck*, for appellee.