**THIRD DIVISION**
**MCFADDEN, C. J.,**
**DOYLE, P. J., and HODGES, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**October 27, 2020**

# In the Court of Appeals of Georgia

A20A0980. ANITA HOLDINGS, LLC v. OUTLET MALL OF SAVANNAH, LLC.

HODGES, Judge.

In this appeal from a dispossessory action, Anita Holdings, LLC ("Anita") challenges orders by the State Court of Chatham County that awarded a writ of possession to Outlet Mall of Savannah, LLC ("Outlet Mall"). Specifically, Anita contends that the trial court failed to: (1) credit its tender of the amount due as a complete defense to the dispossessory pursuant to OCGA § 44-7-52 (a); and (2) require Outlet Mall to follow the correct dispossessory procedures outlined in OCGA § 44-7-55 rather than simply attempting to renew expired writs of possession. Because we conclude that Outlet Mall failed to properly initiate a dispossessory action and the trial court failed to adhere strictly to the dispossessory provisions

codified at OCGA § 44-7-50 et seq., we vacate the trial court's orders and remand this case with instruction to dismiss Outlet Mall's purported dispossessory action.

The procedural history of this case, though somewhat convoluted, is critical to a proper evaluation of the parties' arguments. Anita and Outlet Mall entered into a lease agreement on February 3, 2015, allowing Anita to operate a Johnny Rockets restaurant in the Tanger Outlets shopping center in Pooler, Chatham County. Relevant to this appeal, Paragraph 17 (a) of the parties' lease defined "Default" as occurring, in part,

> (i) If Tenant fails to make any payment of rent (or any part thereof) required to be paid hereunder when the same shall become due and payable and such failure continues for five (5) days after written notice that the same is due;
>
> . . . or
>
> (ix) If Tenant shall be given three (3) notices of monetary breach in any rolling twelve (12) month period pursuant to this Section 17 (a) notwithstanding any subsequent cure of the breach identified in such notices (hereinafter a "Chronic Default").

Following a prolonged period in which Anita failed to pay rent as agreed, Outlet Mall terminated its lease on August 31, 2018, and filed a dispossessory affidavit seeking

2

a writ of possession on September 13, 2018, asserting that Anita "[f]ails to pay rent now due on said building and premises" and claiming an amount due of $52,660.40. Anita answered, denied liability for the amount stated, and tendered instead the amount of $13,495.46. However, Outlet Mall asserted that Anita's continued failure to pay rental amounts due constituted a "Chronic Default" and rejected Anita's tender. In an October 31, 2018 order, the trial court ordered Anita to deposit "all past due and current rent due" under the parties' lease within 10 days. But Anita's tender of the amounts due was tardy and, following a bench trial, the trial court granted Outlet Mall's petition for a writ of possession on January 8, 2019 and issued a writ of possession on the same date. Anita appealed the trial court's orders to this Court, but we dismissed Anita's appeal on May 22, 2019 due to its failure to file an appellant's brief.[1]

After Anita filed its notice of appeal, the trial court, in a February 6, 2019 consent order, ordered Anita to pay an additional $22,764.62 in past due rent and future monthly rent payments, for the duration of Anita's appeal, into the court's registry pursuant to OCGA § 44-7-56. When Anita failed to pay the past due rent

_____

[1] As a result, the dismissal became the binding law of the case. See, e.g., *Ross v. State*, 310 Ga. App. 326, 327 (713 SE2d 438) (2011).

amounts by the date required in the trial court's order, Outlet Mall moved for immediate possession of the premises. Although Anita paid the past due rent and monthly rents for March and April 2019 into the registry of the court, the trial court determined that each payment was late and, therefore, awarded Outlet Mall a second writ of possession on April 3, 2019.

Anita then filed a voluntary petition for bankruptcy on April 19, 2019. Outlet Mall moved for relief from the automatic stay in bankruptcy on May 1, 2019, which the bankruptcy court granted on October 24, 2019.[2] The trial court issued another writ of possession on October 25, 2019; however, in response to Anita's arguments that the trial court erred in awarding a writ of possession in the absence of an application, the trial court vacated the writ in an October 31, 2019 order.[3]

---

[2] The bankruptcy court's order indicates that it "announced its findings of fact and conclusions of law" during an October 23, 2019 hearing and incorporated those findings and conclusions, without reciting them, in its order granting Outlet Mall's motion for relief from stay. However, a transcript of that hearing is not included in the record of this appeal.

[3] On the same date, Outlet Mall filed an "Application for Issuance of Renewed Writ of Possession," in which it asked the trial court to "revive the writ of possession it issued on April 3, 2019." However, the filing was rejected by the trial court's e-filing system because the case had been administratively closed. See OCGA § 15-6-77 (e) (1).

4

Outlet Mall filed a pleading it titled "Application for Writ of Possession" on November 1, 2019, in which it asked the trial court to take judicial notice of the prior dispossessory proceedings and issue a "new writ of possession pursuant to OCGA § 44-7-55 (d)." Anita answered and tendered $60,000, relying upon an account ledger provided by Outlet Mall on October 28, 2019 showing a balance due of $57,137.14, and claimed the tender as a complete defense. In reply, Outlet Mall asserted that the purported tender did not provide Anita a defense because Outlet Mall's dispossessory action was not based upon a nonpayment of rent and that, in any event, the amount tendered was incorrect.[4] The trial court, relying upon its findings from the prior dispossessory action, granted Outlet Mall's "application" and issued a writ of possession on November 14, 2019. After the trial court signed the order and the writ, but before each had been docketed with the clerk's office and served upon the parties, Anita filed a response to Outlet Mall's reply, which the trial court construed as a motion for reconsideration and denied in a November 15, 2019 order. Anita filed its notice of appeal on the same date, and this appeal followed.

---

[4] Outlet Mall further indicated that the amount Anita tendered was current as of the August 14, 2019 hearing on Outlet Mall's motion for relief from the automatic bankruptcy stay two months prior.

5

1. Considering Anita's second enumeration first,[5] Anita argues that the trial court erred in failing to enforce the correct process to obtain a writ of possession pursuant to OCGA § 44-7-50 et seq. Specifically, Anita asserts that Outlet Mall should have applied for a new writ of possession rather than simply attempting to revive the allegedly expired writs, as there is no method to renew a writ of possession in view of the amendment adding OCGA § 44-7-55 (d). On this point, due to the manner in which the parties have addressed this issue, we agree.

In Georgia, "[t]he exclusive method whereby a landlord may evict a tenant is through a properly instituted dispossessory action filed pursuant to OCGA § 44-7-50 et seq." *Steed v. Federal Natl. Mortgage Corp.*, 301 Ga. App. 801, 805 (1) (a) (689 SE2d 843) (2009); see also *Taylor v. Carver State Bank*, 177 Ga. App. 856, 858 (3) (341 SE2d 502) (1986) ("A dispossessory is a summary proceeding to determine the disposition of the property pending trial of any contested issues."), abrogated on other grounds by *Hill v. Levenson*, 259 Ga. 395 (1) (383 SE2d 110) (1989). "A dispossessory proceeding is statutory and must be strictly construed and observed."

---

[5] "For convenience of discussion, we have taken the enumerated errors out of the order in which appellant has listed them.…" *Foster v. Morrison*, 177 Ga. App. 250 (1) (339 SE2d 307) (1985).

(Citation and punctuation omitted.) *Skelton v. Hill Aircraft & Leasing Corp.*, 175 Ga. App. 144, 145 (333 SE2d 14) (1985). And

> [w]here the language of a statute is plain and susceptible to only one natural and reasonable construction, courts must construe the statute accordingly. In fact, where the language of a statute is plain and unambiguous, judicial construction is not only unnecessary but forbidden. Accordingly, the ordinary signification shall be applied to all words.

(Citations and punctuation omitted.) *Blakemore v. Dirt Movers, Inc.*, 344 Ga. App. 238, 241 (809 SE2d 827) (2018).

To that end, "[i]n all cases when a tenant . . . fails to pay the rent when it becomes due . . ., [the] owner may . . . demand the possession of the property so rented, leased, held, or occupied." OCGA § 44-7-50 (a).[6] If the tenant refuses or fails to deliver possession upon demand, the owner may present an affidavit seeking a writ of possession to a court with appropriate jurisdiction. Id. A summons is then issued

---

[6] OCGA § 44-7-50 provides four instances in which a landowner may seek a writ of possession: (1) the tenant holds the premises over and beyond the term of the lease; (2) nonpayment of rent; (3) the tenant holds the premises as a tenant at will; or (4) the tenant holds the premises as a tenant at sufferance. Renewal of a previously expired writ of possession is not included among these categories, which must be strictly construed. See *Skelton*, 175 Ga. App. at 145.

7

to the tenant notifying the tenant that an answer to the petition is due within seven days. OCGA § 44-7-51 (a) & (b). If the tenant files an answer, "a trial of the issues *shall* be had in accordance with the procedure prescribed for civil actions in courts of record[,]" and "[e]very effort should be made by the trial court to expedite a trial of the issues."[7] (Emphasis supplied.) OCGA § 44-7-53 (b).

> If, on the trial of the case, the judgment is against the tenant, judgment shall be entered against the tenant for all rents due and for any other claim relating to the dispute. The court shall issue a writ of possession, both of execution for the judgment amount and a writ to be effective at the expiration of seven days after the date such judgment was entered. . . .

OCGA § 44-7-55 (a). Finally, and of particular relevance to this case, the General Assembly recently added OCGA § 44-7-55 (d), effective July 1, 2019, which provides that

> applications for execution of a writ of possession shall be made within 30 days of issuance of the writ of possession unless such application for said writ is accompanied by an affidavit showing good cause for the

---

[7] "Trial" is not defined in OCGA § 44-7-50 et seq. See https://thelawdictionary.org/trial/ (defining "trial" as "[t]he examination before a competent tribunal, according to the law of the land, of the facts or law put in issue in a cause, for the purpose of determining such issue") (website last visited October 15, 2020).

delay in applying for execution of the writ. The failure to execute a writ in conformity with this Code section shall require the applicant to apply for a new writ.

(Emphasis supplied.)

In this case, Outlet Mall previously obtained writs of possession against Anita on January 8, 2019 and April 3, 2019. However, neither was executed: the first writ was the subject of a dismissed appeal, while the second was stayed by Anita's bankruptcy petition. Believing that the prior writs were unenforceable in view of the amendment adding OCGA § 44-7-55 (d),[8] rather than applying to execute either writ, with an affidavit explaining the delay, Outlet Mall filed a pleading it titled "application for a writ of possession" on November 1, 2019. OCGA § 44-7-55 (d). Stated otherwise, rather than attempting to execute either of the prior writs it

---

[8] Of note, there was no requirement that the writs be executed within 30 days at the time these writs were issued. That requirement materialized with the enactment of OCGA § 44-7-55 (d), effective July1, 2019, while Outlet Mall's motion for relief from stay was pending in the bankruptcy court. Neither party has addressed whether the prior writs remain viable, whether OCGA § 44-7-55 (d) must be applied retroactively, or whether the bankruptcy stay tolled enforcement of the prior writs; in fact, *both* parties simply presume that the prior writs were stale. Because neither party enumerates as error any finding that the prior writs are stale, much less argues that they are *not* stale, that issue is not properly before us and we express no opinion on that issue.

successfully obtained, Outlet Mall sought an additional, renewed writ in a new civil action. It is here that Outlet Mall and the trial court departed from the requirements of the dispossessory statutes. First, OCGA § 44-7-50 (a) requires a landlord to file *an affidavit* to support a dispossessory action. See, e.g., *Outfront Media, LLC v. City of Sandy Springs*, – Ga. App. – (1) (847 SE2d 597, 604 (1)) (2020). In this case, the record does not demonstrate any such affidavit outlining Outlet Mall's contention about the amount of rent owed as of the date of filing.[9] An unverified "application" is not an appropriate substitute for the statutorily-required affidavit. As a result, there was no properly-filed affidavit to initiate a dispossessory action and, therefore, nothing to which Anita needed to respond. See generally *Outfront Media*, 847 SE2d 597, 604 (1) ("A landlord initiates a dispossessory proceeding by filing a dispossessory affidavit.").[10] In short, The Georgia Code provides no allowance for

---

[9] Indeed, the trial court acknowledged that Outlet Mall did not file an affidavit as required and, instead, relied upon Outlet Mall's unverified petition for a new writ of possession. See OCGA § 44-7-50 (a); but see *Skelton*, 175 Ga. App. at 145.

[10] Because there was no initial affidavit, Outlet Mall cannot simply amend its application to cure its failure to properly initiate the dispossessory action. See Outfront Media, 2020 Ga. App. LEXIS 454, at *10 (1) (a) ("[B]ecause the dispossessory affidavit initiates the dispossessory action, the affidavit can be amended in the same manner as a complaint or other pleading.").

reviving a previously obtained writ as a way to short cut the statutory requirements for a dispossessory action.

Nevertheless, Anita answered; if the answer had been filed in response to a properly initiated dispossessory proceeding, it would trigger a "trial of the issues" as required by OCGA § 44-7-53 (b). There is no indication that the trial court conducted a hearing or any other "trial"; rather, the trial court simply issued a writ of possession, based only on the existence of a previously obtained writ, upon the filing of an unverified petition in lieu of an affidavit detailing the amount of unpaid rent at that time, the filing of an answer, and without any meaningful inquiry of the parties.[11] This is not permitted in view of the requirements of OCGA §§ 44-7-53 (b) and 44-7-55 (d).

The facts of this case are unique, and this appeal has as its root Outlet Mall's initial failure to comply with the strict requirements of OCGA § 44-7-50 et seq. But by nothing we have said here do we suggest that a second or successive dispossessory action is not capable of summary adjudication as envisioned by the trial court. To the

---

[11] We note that the trial court previously issued a writ of possession, which it later vacated, in the absence of an application. However, we discourage the trial court's warning that it "may issue a new writ immediately thereafter and without further notice or hearing[,]" as the same would conflict with a strict reading of OCGA § 44-7-53 (b).

11

contrary, in cases as galvanized and as laden with history as this one, it may be that a brief conference with the parties once the initial affidavit has been filed or a hearing based upon a dispositive or expedited motion is all that is necessary to satisfy OCGA § 44-7-53 (b)'s requirement for a "trial."[12] But, at the very least, an opportunity to be heard there must be. While we recognize the additional burden our ruling places upon Outlet Mall particularly, and any similarly-situated parties generally, the summary procedure offered by the dispossessory statutes cannot be *so* summary so as to deprive a party, no matter how recalcitrant, of the most basic benefits of its provisions.[13] In short, we are obligated to read the statutory scheme with the required strict construction in mind. See, e.g., *Ameribank v. Quattlebaum*, 269 Ga. 857, 859-860 (505 SE2d 476) (1998) (declining, in a confirmation case, to sanction substantial compliance with statute because the same would be inconsistent with required strict

---

[12] We need not decide that issue in this case, as no such opportunity was provided.

[13] Nor would Outlet Mall or any other similarly-situated party be foreclosed from seeking attorney fees in a dispossessory action, pursuant to an attorney fees provision in the lease or relevant applicable statutory provision, if the trial court determined that the tenant's answer was entered solely for the purpose of delay. Similarly, our appellate courts have the authority to punish tenants that could be tempted to appeal a writ of possession as a means of delay. See OCGA § 5-6-6; Court of Appeals Rule 7 (e) (2).

construction of statute). Accordingly, we hold that, upon the filing of a tenant's answer to a properly-filed affidavit in support of a second or successive writ of possession, the trial court must — as with any other dispossessory action — allow an opportunity for the parties to present their positions consistent with the statutory procedures set forth in OCGA § 44-7-50 et seq. generally and OCGA § 44-7-53 (b) specifically.

2. Anita next contends that the trial court erred by not crediting Anita's tender of its rent payment arrearage as a complete defense to Outlet Mall's dispossessory action under OCGA § 44-7-52 (a). In view of our conclusion in Division 1 that Outlet Mall failed to initiate the dispossessory action with an affidavit as required by OCGA § 44-7-50 (a), however, we need not consider this enumeration because there was no pleading actually requiring an answer by Anita.[14]

In sum, we conclude that Outlet Mall failed to properly initiate the present dispossessory action; as a result, the trial court erred in not requiring Outlet Mall to follow the strict requirements of OCGA § 44-7-50 et seq. We further conclude that, in view of Outlet Mall's failure to properly initiate a dispossessory action, we need

---

[14] In any event, it was impossible for Anita to know how to tender the amount due because there was no affidavit by Outlet Mall stating what amount was past due at that time.

13

not reach the issue of whether the trial court correctly rejected Anita's tender of a complete defense pursuant to OCGA § 44-7-53 (b). Therefore, we vacate the trial court's orders issuing Outlet Mall a writ of possession and remand this case with instruction to dismiss Outlet Mall's purported dispossessory action.

*Judgment vacated and case remanded with direction. McFadden, C. J., and Doyle, P. J., concur.*