A93A2424. SANDIFER et al. v. LONG INVESTORS, INC.
(440 SE2d 479)

BIRDSONG, Presiding Judge.

Appellant/plaintiffs Gail W. Sandifer and Linda G. Matthews-Sandifer appeal the order of the superior court granting summary judgment to appellee/defendant Long Investors, Inc., registered owner of Chateau Villa Apartments. *Held*:

1. Appellant Gail Sandifer testified by way of deposition that he did not make any arrangements to inform "anyone at Chateau Villa Apartments" as to exactly how he could be contacted while he and his wife were out of town, or on what dates he would be at a given location. Any evidence in conflict with this testimony and offered by appellants without reasonable explanation therefor, whether in affidavit or deposition form, is subject to the rule of *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27 (343 SE2d 680).

2. Appellants' first four enumerations of error are without merit.

(a) Appellants assert the trial court erred in granting summary judgment to appellee, because appellee waived the right to demand payment of rent by the first of the month by its prior conduct. Appellant Gail Sandifer concedes that the landlord was not paid any rent

during the entire months of April and May 1990. Appellants' reliance on *Arnold v. Selman*, 83 Ga. App. 145, 149 (3) (62 SE2d 915) is misplaced. Assuming arguendo the record supports a finding of an initial waiver of right to require rent payment on the particular day it is due, nothing in *Arnold*, supra, enables a tenant to avoid paying rent for a substantial period of time after the rent is due under the lease. Assuming appellee waived its right to have the rent paid promptly on the first of the month, it did not by the prior conduct established in this record waive its right to have the rent paid within a reasonable time period after its due date. Under the circumstances of record, a substantial and unreasonable period of time elapsed without the rent being paid, particularly in view of the "time of the essence" rental payment clause in the lease. There was no waiver of the right to demand payment within the meaning of *Arnold*, supra.

Additionally, the notice sent by certified mail to appellants' apartment provided that, regarding rent due, appellants had "three (3) days from the date of this letter to comply with the terms of said lease or to remove yourself and possessions from the premises." The notice also expressly stated that "it is the intention of [appellee] to insist upon strict terms of the lease." Yet, not only did appellants fail to pay the April rent within three days, they did not pay the May rent either. See *Haynie v. Murray*, 74 Ga. App. 253 (39 SE2d 567). A letter of notice that tenant must surrender possession and quit the premises if rent due and owing is not paid within three days of the date of notice is a sufficient notice of demand for possession under OCGA § 44-7-50 (see *Twin Tower &c. v. American Marketing &c. Corp.*, 166 Ga. App. 364, 366 (2) (304 SE2d 493)), and also was sufficient under the notice provisions of the lease.

(b) Appellant claims that the notice demanding possession was inadequate as it failed to provide adequate notice that the waiver would be revoked as of April 1990. As concluded in Division 2 (a) above, there existed no waiver of payment of rent on the date of issuance of the writ of possession in favor of appellee and against tenant appellants.

(c) A demand for possession is a condition precedent to the landlord's right to dispossess the tenant summarily under OCGA § 44-7-50. See *Metro Mgmt. Co. v. Parker*, 247 Ga. 625 (278 SE2d 643). A demand for possession was made. However, appellants claim it was not an adequate demand because appellee knew appellants were not residing at the rental address to which the demand was sent and therefore was aware appellants could not make a timely response to the demand. Examination of existing case law fails to reveal any established procedure for giving of demand for possession pursuant to OCGA § 44-7-50. Under certain conditions a demand upon a tenant to deliver possession may be oral. Compare *Jackson v. Hardin*, 74 Ga.

App. 39, 41 (3) (38 SE2d 695). We find that pursuant to OCGA § 44-7-50 there must be delivery, actual or constructive, of the demand for possession; in the absence of a written instruction to the contrary from a private tenant to the landlord which includes an effective, optional method of demand, an inference will arise that, at the time the original lease was executed, tenant consented to constructive delivery of a demand for possession by the due mailing thereof to the tenant at the address of the leased residence. This is consistent with the previous finding of this court that "[t]he logical place to serve a resident, private tenant would be at the leased residence." *Davis v. Hybrid Indus.*, 142 Ga. App. 722, 724 (1) (236 SE2d 854). Appellants, having failed as a matter of law to rebut the inference of consent to constructive delivery of demand for possession, we conclude that an adequate statutory delivery was made of the demand letter in this case. Moreover, we note that, pursuant to the notice provisions of the lease, lessee expressly assented to the giving of any notice required by law or contract by first-class mail to lessee's residence address as listed in the contract, delivery to a person then occupying the rental apartment, posting on the rental apartment door, or by personal delivery to lessee. Suffice it to say, however, that notwithstanding the lease provision, the procedure utilized by appellee/lessor in giving demand notice was not in violation of existing statutory requirements.

(d) After the dispossessory warrant was executed, the county marshal posted a copy of the summons and dispossessory warrant on the door of appellants' residence, the leased apartment, and duly mailed a copy of these documents to appellants at the same address. Although service by tacking an affidavit and summons in a dispossessory action may not be reasonably calculated to afford notice when the tenants do not reside at the leased premises, *Davis v. Hybrid Indus.*, supra, such is not the case before us. The record reveals appellants leased and used the premises as their residence and that they made, according to their own admissions, a somewhat prolonged sojourn from their leased residence apparently for reasons of employment. There exists a rebuttable presumption of continuity that appellants' residence, having been duly established, is presumed to continue until the contrary is established. *Esco v. Jackson*, 185 Ga. App. 901, 906 (2) (366 SE2d 309); compare *Platt v. Nat. Gen. Ins. Co.*, 205 Ga. App. 705, 710 (2) (423 SE2d 387); see OCGA § 24-4-21. There exists no evidence of record adequate to destroy this presumption. As appellant in effect elected to maintain their leased residence, we conclude that service by tacking on said apartment door and due mailing to the same address was reasonably calculated, under all the attendant circumstances, to apprise the interested parties of the pendency of the dispossessory and afford them opportunity to present objections. See generally *Pelletier v. Northbrook Garden Apts.*, 233

Ga. 208, 211 (210 SE2d 722). Appellants' claim of inadequate service of process is without merit. OCGA § 44-7-51.

Additionally, assuming arguendo, appellants had been denied a due process right of reasonable notice of service or notice of demand for possession, we further find that, as a matter of law, appellants by their pattern of conduct waived any existing right to such notice. See *Mauldin v. Weinstock*, 201 Ga. App. 514, 520 (4) (411 SE2d 370).

3. Applying the standards of *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474), we find that the trial court did not err in granting summary judgment to appellee/defendant as to the issue of tortious interference of contract. Appellants aver that appellee, by its conduct, interfered with its contract for a furniture purchase with Haverty's furniture company thereby causing Haverty's to repossess this furniture. The applicable elements of tortious interference are revisited in *St. Mary's Hosp. of Athens v. Radiology Prof. Corp.*, 205 Ga. App. 121 (2) (421 SE2d 731). Although a claim for tortious interference is not limited to conduct that causes a breach of a claimant's contract with a third party, but also may be asserted for conduct that makes the performance of that contract more difficult, nevertheless in such a circumstance the claimant "still must prove that the defendant directly induced adverse behavior by the third party with respect to the third party's contract with the claimant, not merely that the defendant breached its contract with the claimant and that an element of damage resulting from that breach was the impairment of the claimant's performance of its contract with the third party." (Emphasis omitted.) Id. at 125. Appellee and Haverty's deny that appellee engaged in any such direct inducement. Appellants have failed to introduce any direct evidence of a direct inducement of Haverty's by appellee. In view of the uncontradicted and unimpeached evidence produced by appellee in support of its motion for summary judgment as to the issue of tortious interference, the record demonstrates no genuine issue of material fact. Here, any circumstantial evidence from which appellants' claim of tortious interference might be inferred is purely speculative. " ' "(A)n inference cannot be based upon evidence which is too uncertain or speculative or which raises merely a conjecture or possibility." ' " *Green v. Sams*, 209 Ga. App. 491, 498 (1) (433 SE2d 678). Moreover, in passing upon a motion for summary judgment, even a finding of fact which may be inferred but is not demanded by circumstantial evidence has no probative value against positive and uncontradicted evidence that no such fact exists. *Rowell v. McCue*, 188 Ga. App. 528, 531 (373 SE2d 243).

*Judgment affirmed. Pope, C. J., and Andrews, J., concur.*

DECIDED JANUARY 5, 1994 —
RECONSIDERATION DENIED JANUARY 28, 1994.

*Bernard & Associates, Patricia D. Bernard*, for appellants.
*Sharon W. Ware & Associates, James F. Cook, Jr.*, for appellee.