## A05A1891. PERRYMAN v. LUCAS.
### (626 SE2d 550)

MILLER, Judge.

In this dispossessory case, Lamar Perryman appeals pro se from the trial court's order granting a writ of possession in favor of his landlord, Ron Lucas. Though a dispossessory warrant was tacked to his door and mailed to him by the sheriff, Perryman contends that he was not properly served because he did not physically receive the warrant. Since this argument is without merit, we affirm.

1. Constructive notice to a tenant by tacking a warrant to his door and mailing a copy to him is sufficient service to satisfy due process when such service is reasonably calculated to provide notice to the tenant. See *Sandifer v. Long Investors*, 211 Ga. App. 757, 759 (2) (d) (440 SE2d 479) (1994) (tack and mail service was sufficient. even though tenant was allegedly away on business when warrant was issued).

Here, Perryman concedes that service was attempted through the tack and mail method, but claims that he did not receive the notice because he was serving a 15-day jail sentence at the time and that other people must have taken the notice before he returned home. Perryman's argument, however, ignores the fact that actual notice is not required to satisfy due process in a dispossessory action, and that the tack and mail method is reasonably calculated to apprise the interested parties of the action and afford the tenant an opportunity to respond. *Sandifer*, supra, 211 Ga. App. at 759 (2) (d). The manner of service here was reasonably calculated to give proper notice to Perryman, and Perryman's argument that service was insufficient is without merit. Id.

Moreover, the record reveals that the trial court had originally entered an order granting a writ of possession in favor of Lucas on May 17, 2005, but delayed the execution of this writ when Perryman filed a Motion To Stay on May 24, 2005. In response to Perryman's motion, the trial court scheduled a hearing for June 3, 2005 — a hearing which Perryman attended. Since Perryman submitted himself to the jurisdiction of the trial court and had an opportunity to respond to the claims against him, we further find no merit to his argument that due process was not satisfied before a writ of possession was issued. See *Housing Auth. &c. of Atlanta v. Hudson*, 250 Ga. 109, 111 (296 SE2d 558) (1982) (due process satisfied to obtain money judgment against tenant where personal jurisdiction obtained through tack and mail service and tenant obviated need for actual notice).

2. With respect to Perryman's arguments relating to the merits of the writ of possession being issued, the record reveals that the dispossessory hearing was not transcribed. Thus we presume that the proceedings below were regular and that the evidence supported

the verdict. *Bread of Life Baptist Church v. Price*, 194 Ga. App. 693, 694 (392 SE2d 15) (1990).

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED JANUARY 24, 2006.

Lamar Perryman, *pro se.*
Ron Lucas, *pro se.*