**FIFTH DIVISION
MCFADDEN, P. J.,
MERCIER and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**October 31, 2025**

# In the Court of Appeals of Georgia

A25A1209. HALE v. ASBM INVESTMENTS, LLC et al.

MERCIER, Judge.

Loletha Hale filed this appeal of a trial court's final order in a dispossessory proceeding. On appeal, Hale argues that "the trial court erred in granting ownership of Hale's property pursuant to a void underlying judgment[,]" that the trial court lacked jurisdiction, that the foreclosure was inappropriately private and non-judicial, that the trial court's "findings contradicted the record and violated Hale's due process [rights,]" that counsel for the Appellees, Blake Meadows, violated Georgia Rules of Professional Conduct and that the trial court erred in awarding attorney fees. For the following reasons, we affirm in part and dismiss in part.

A discussion of the long history of this matter is necessary to understand the current procedural posture. Hale owned property located at 7613 Livingston Drive in Jonesboro, Georgia. On December 20, 2019, Wrights Walk Home Owners Association (the "HOA") filed a petition for ad valorem tax foreclosure, alleging that Hale had failed to pay homeowner assessments since 2017 (the "First Petition"). A hearing took place on August 13, 2021, and, according to the trial court, while both parties received notice, and the HOA appeared ready to proceed, Hale failed to appear. The trial court granted the HOA's petition and dismissed Hale's counterclaims. The trial court found that the current indebtedness on the property was $28,824.68 and that Hale would have one week to pay the full amount, "after which the property may be sold at public outcry in accordance with the laws governing judicial foreclosure sales."

Hale subsequently filed a motion to set aside the order and an emergency motion to recuse, both of which the trial court denied. In the order denying Hale's motion to vacate, the trial court held that

> the original order remains in full force and effect and the property may
> be sold in accordance with the terms of the original order for the current
> cry-out bid amount of $30,203.41, which amount includes the original
> amount of the order, additional interest and dues that have or will be

2

accrued by the sale date, and additional costs and fees associated with offering the property for sale and responding to this present motion.

Hale then filed a direct appeal of the trial court's orders denying her motion to set aside and her emergency motion to recuse. We dismissed Hale's appeal for lack of jurisdiction due to her failure to file an application for discretionary appeal. *Hale v. Wright's Walk Homeowners' Association* (Case No. A22A1121, decided March 29, 2022).

ASBM Investments, LLC ("ASBM") bought the property in a sale on the courthouse steps on June 6, 2022. ASBM subsequently filed the underlying dispossessory action against Hale on July 12, 2022, in the Magistrate Court of Clayton County. In a separate action in the Superior Court of Clayton County, Hale filed an Emergency Petition for Temporary and Permanent Injunction, Declaratory Judgment and Attorney's Fees against the HOA, ASBM, Meadows and Foster, Foster & Smith, LLC (collectively the "Appellees".) Hale moved to transfer the dispossessory action to the superior court, which the magistrate court granted, and she filed an answer and counterclaims. ASBM moved to consolidate the two actions and for judgment on the pleadings.

Following a hearing, the trial court issued a final order, wherein it consolidated the actions, denied Hale's attempts to set aside the foreclosure sale, granted ASBM's motion for judgment on the pleadings and denied Hale's request for declaratory and injunctive relief. This appeal followed.

1. Hale argues that the "trial court erred in granting ownership of Hale's property pursuant to a void underlying judgment." She argues that "[n]o summons was issued in the underlying Ad Valorem Petition. A void judgment cannot confer rights or benefits. Hale submits the trial court's ruling is void due to the failure to properly issue summons in the original action in accordance with OCGA § 9-11-4."

However, Hale cannot appeal issues from the First Petition in this action. We dismissed Hale's direct appeal of the First Petition. *Hale v. Wright's Walk Homeowners' Association* (Case No. A22A1121, decided March 29, 2022). "The effect of the dismissal of the first appeal from an appealable judgment was to affirm the judgment of the trial court there excepted to[.]" *Aetna Cas. & Sur. Co. v. Bullington*, 227 Ga. 485, 485 (2) (181 SE2d 495) (1971). In other words, Hale "is not entitled to a second appeal from a single order." *Houston County v. Harrell*, 287 Ga. 162, 163 (695 SE2d 29) (2010). "Where a party puts the machinery of immediate appellate review

4

into motion, yet commits a procedural default fatal to his [or her] appeal that party is foreclosed from thereafter resubmitting the matter for review on appeal." *Massey v. Massey,* 294 Ga. 163, 165 (2) (751 SE2d 330) (2013) (citation and punctuation omitted). "The rule applies when the party's first opportunity to appeal was through the discretionary application process rather than a notice of appeal." Id.[1] Accordingly, any of Hale's claimed errors regarding the First Petition are dismissed. See id. (party cannot appeal order he had previously appealed, even if the first appeal was dismissed for party's failure to file an application for discretionary appeal).

2. Hale further argues "[t]he trial court lacked jurisdiction due to failure of issuance of summons by the clerk." Again, Hale attempts to re-litigate the First Petition, arguing that "she not only failed to receive notice of underlying August 19,

---

[1]

> [T]he rule that a litigant does not get two tries to appeal the same order is not overcome by OCGA § 5-6-34 (d), which says that where an appeal is properly taken, "all judgments, rulings, or orders rendered in the case which are raised on appeal and which may affect the proceedings below shall be reviewed and determined by the appellate court," without regard to whether the prior rulings standing alone were subject to appeal.

*Massey*, 294. Ga. at 165 (2).

2021 in rem judgment, she failed to receive notice of the foreclosure sale and the subsequent dispossessory proceeding." As discussed in Division 1, Hale's arguments regarding service of the First Petition are dismissed.

As to the underlying dispossessory action, ASBM served Hale by posting a copy to the door of the residence at issue and also mailed her a copy. See *Perryman v. Lucas*, 277 Ga. App. 349, 349 (1) (626 SE2d 550) (2006) ("actual notice is not required to satisfy due process in a dispossessory action, and . . . the tack and mail method is reasonably calculated to apprise the interested parties of the action"). Further, Hale filed a motion to transfer the dispossessory proceeding to the superior court on July 27, 2022, one week after service of the proceeding was left on the door of the residence. As such, she has failed to show a due process violation. Id. (tack and mail service was sufficient to satisfy due process; especially where the appellant submitted himself "to the jurisdiction of the trial court and had an opportunity to respond to the claims against him, we further find no merit to his argument that due process was not satisfied before a writ of possession was issued").

3. Hale argues that "[t]he trial court erred in recognizing a private, non-judicial foreclosure contrary to OCGA § 44-3-232 (c)."[2] Hale claims that "[t]he trial court held the defendants proceeded under the method of a judicial foreclosure [which] is

[2] OCGA § 44-3-232 (c) provides:

Not less than 30 days after notice is sent by certified mail or statutory overnight delivery, return receipt requested, to the lot owner both at the address of the lot and at any other address or addresses which the lot owner may have designated to the association in writing, the lien may be foreclosed by the association by an action, judgment, and court order for foreclosure in the same manner as other liens for the improvement of real property, subject to superior liens or encumbrances, but any such court order for judicial foreclosure shall not affect the rights of holders of superior liens or encumbrances to exercise any rights or powers afforded to them under their security instruments. The notice provided for in this subsection shall specify the amount of the assessments then due and payable together with authorized late charges and the rate of interest accruing thereon. No foreclosure action against a lien arising out of this subsection shall be permitted unless the amount of the lien is at least $2,000.00. Unless prohibited by the instrument, the association shall have the power to bid on the lot at any foreclosure sale and to acquire, hold, lease, encumber, and convey the same. The lien for assessments shall lapse and be of no further effect, as to assessments or installments thereof, together with late charges and interest applicable thereto, four years after the assessment or installment first became due and payable

7

clearly erroneous because the statute requires that sales of property is to be made by the sheriff or coroner only[.]"

In its order denying Hale's motion to set aside, the trial court stated that "[i]t is undisputed that the property was sold on the courthouse steps, at the correct time and day. It is further undisputed that the sale was not conducted by a sheriff or a coroner, bur rather by Meadows, a private individual." As such, the sale was conducted contrary to the requirements of OCGA § 9-13-161 (a).[3] However, the trial court found Hale's motion equitably barred because "there [was] no evidence that Hale attempted to pay the amounts owed to Wrights Walk."

"[G]enerally, we review a trial court's ruling on a motion to set aside for abuse of discretion. But when the facts are undisputed and the issues presented on appeal involve questions of law, we review the trial court's ruling de novo." *Born v. Born*, 364 Ga. App. 511, 515 (1) (874 SE2d 846) (2022) (citation and punctuation omitted).

---

[3] OCGA § 9-13-161 (a) provides, relevantly, that:

Unless otherwise provided, sales of property taken under execution shall be made by the sheriffs or coroners only at the courthouse of the county where the levy was made[.]

"A request to set aside a deed sounds in equity." *Underwood v. Colony Bank*, 362 Ga. App. 548, 557 (3) (869 SE2d 535) (2022). Further, "[h]e who would have equity must do equity and must give effect to all equitable rights of the other party respecting the subject matter of the action." OCGA § 23-1-10. Accordingly, "when a debtor seeks to set aside a foreclosure sale, he must first pay what he owes to the creditor absent extraordinary circumstances." *Underwood*, 362 Ga. App. at 557 (3); see also *Taylor, Bean & Whitaker Mortg. Corp. v. Brown*, 276 Ga. 848, 850 (2) (583 SE2d 844) (2003) ("[E]quity will not decree the cancellation of an instrument where anything of value has been received until repayment is either made or tendered, or the defendant has stated that, should a tender be made, it would be refused.") (citation and punctuation omitted).

> There are exceptions, such as when the sale of notes was procured via improper actions of the mortgagee which may have prevented the mortgagor from tendering its debt. However, grounds such as poverty, *non-compliance with foreclosure procedures*, or other acts not involving tortious interference with the funds that would potentially comprise the tender itself will not serve as an excuse for failure to tender the amount due under the security deed.

*Fowler v. WBL SPO I, LLC*, 376 Ga. App. 101, 103 (1) (918 SE2d 136) (2025) (citation and punctuation omitted; emphasis supplied).

Following the granted foreclosure petition, Hale owed $30,203.41. Hale does not dispute that she failed to interplead the amount owed following the grant of the foreclosure petition. While she argues that the sale was not conducted in accordance with foreclosure procedures, a creditor's non-compliance with such procedures will not serve as an excuse for the failure to tender the judgment. See *Stewart v. Suntrust Mortg.*, 331 Ga. App. 635, 640-641 (6) (770 SE2d 892) (2015) (where appellant failed to tender past due payments, appellant is not entitled to set aside the foreclosure sale). Accordingly, the trial court did not abuse its discretion by denying Hale's motion to set aside. See *Fowler*, 376 Ga. App. at 103 (1) ("[W]ith respect to the equitable remedy of setting aside the foreclosure sale, the trial court properly directed a verdict against [the appellant] on that claim. He has made no tender of the indebtedness secured by the deed to secure debt and thus is not entitled to set aside the sale under power.") (citation and punctuation omitted).

4. In her fourth enumerated error, Hale contends that "[t]he [trial] court's findings contradicted the record and violated Hale's due process [rights]." However,

Hale fails to cite any legal authority or provide any citations to the record other than generally citing to the transcripts of three hearings. Accordingly, Hale has abandoned this argument. See Court of Appeals Rule 25 (d) (1) ("Any enumeration of error that is not supported in the brief by citation of authority or argument may be deemed abandoned."); *Fleming v. Advanced Stores Co.*, 301 Ga. App. 734, 736 (688 SE2d 414) (2009) (appellant abandoned enumerated error by failing to put forth legal argument, "which requires, at a minimum, a discussion of the appropriate law as applied to the relevant facts") (citation and punctuation omitted).

5. Hale alleges that "Meadows violated the Georgia Rules of Professional Conduct" in her fifth enumerated error. Specifically, she argues that she "presented evidence of Meadows['s] numerous misrepresentations and self-dealing. Such claims required evidentiary consideration by the trial court." However, Hale fails to point to any motion she filed regarding these alleged violations or any trial court orders she obtained regarding same.

"Our appellate courts are courts for the correction of errors of law committed in the trial court. Routinely, this [C]ourt refuses to review issues not raised in the trial court." *Roberts v. First Ga. Community Bank*, 335 Ga. App. 228, 230 (1) (779 SE2d

113) (2015) (citation and punctuation omitted). Hale has failed to show us that the claim of error was raised or ruled upon below, and, accordingly, there is nothing for us to review. Id. at 231 (1).

6. Finally, Hale argues that the trial court erred by awarding attorney fees to Meadows pursuant to OCGA § 9-15-14. On January 16, 2025, the trial court issued an order finding Hale in contempt of a prior court order due to her failure to provide ASBM with monthly mortgage statements and awarded ASBM attorney fees in the amount of $3,080. Hale filed a motion for reconsideration, which the trial court granted in part, in an order entered on February 26, 2025, to clarify that the attorney fees were awarded to ASBM pursuant to OCGA § 9-15-14 (b), but the amount of attorney fees remained the same. The trial court found that "ASBM has provided evidence establishing attorney's fees and expenses in the total amount of $3,080.00 for the prosecution of the Motion for Contempt and Sanctions."

While the Appellees' did not raise a question of jurisdiction, "[i]t is well established that this Court has a solemn duty to inquire into our jurisdiction to review the errors enumerated on appeal, and it is a duty we do not take lightly." *Pathfinder Payment Solutions v. Global Payments Direct*, 344 Ga. App. 490, 490 (810 SE2d 653)

(2018) (citation and punctuation omitted). Here, the entry of both of the contempt orders which awarded attorney fees were entered subsequent to the final order Hale appealed from. However, "[j]udgments cannot be considered on appeal if rendered subsequent to the judgment appealed from." *Norman v. Ault*, 287 Ga. 324, 331 (6) (695 SE2d 633) (2010) (citation and punctuation omitted).

Hale filed the notice of appeal of the trial court's Final Order on April 16, 2024, and she later amended the notice on August 20, 2024, September 19, 2024, and November 15, 2024. However, Hale failed to file a notice of appeal from the orders finding her in contempt and awarding attorney fees. OCGA § 5-6-38 (a) ("A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of[.]"). Clearly, the 2025 orders were "not prior to or contemporaneous with" the final order. *Patel v. State*, 289 Ga. 479, 487 (5) n. 14 (713 SE2d 381) (2011) (citation and punctuation omitted). "[B]ecause the contempt and [attorney fees] order[s] in this case [were] entered subsequent to [Hale's] *notices of appeal*, we lack jurisdiction to consider [her] challenge" to the orders. *Ambrosio v. Giordano*, 358 Ga. App. 764, 766 (1) (856 SE2d 349) (2021) (citation and punctuation omitted; emphasis in original); see also *Norman*, 287 Ga. at 331 (6) (appellate court

13

lacked jurisdiction to review a subsequent contempt order as it was "not predicated upon a proper and timely appeal from that order or from any other appealable order which encompasses that subsequent ruling") (citation and punctuation omitted); *Straus v. Renasant Bank*, 326 Ga. App. 271, 278-279 (3) (756 SE2d 340) (2014) ("An enumeration cannot be considered if the ruling that it complains of was entered subsequent to filing of the notice of appeal. And orders entered subsequent to the filing of a notice of appeal are appealable only pursuant to a subsequently filed notice of appeal.") (citations and punctuation omitted). Accordingly, Hale's appeal of the contempt orders awarding attorney fees is dismissed.

*Judgment affirmed in part and appeal dismissed in part. McFadden, P. J., and Pipkin, J., concur.*

14